[Civ. No. 47682. Second Dist., Div. Three. Mar. 30, 1977.]

MARVENA KENNEDY et al., Plaintiffs and Appellants, v. SOUTH COAST REGIONAL COMMISSION et al., Defendants and Respondents.

## COUNSEL

Buckley & Siegel and Marguerite M. Buckley for Plaintiffs and Appellants.

Evelle J. Younger, Attorney General, Carl Boronkay, Assistant Attorney General, Alan Robert Block, Deputy Attorney General, Cadoo, Tretheway, McGinn & Morgan and Alvin S. Tobias for Defendants and Respondents.

## OPINION

POTTER, J.—Petitioners Marvena Kennedy, Richard Davidson, Robert Wells and Ron Guenther (hereinafter petitioners) appeal from the judgment of the superior court denying their petition for writ of mandate. The petition challenged the validity of a permit issued by respondent the South Coast Regional Coastal Zone Conservation Commission of Los Angeles and Orange Counties (hereinafter Regional Commission) authorizing respondent Michael Epstein, et al. (hereinafter Epstein) to proceed with a development of property in the Venice area of the City of Los Angeles within the "Coastal Zone" "permit area" defined in Public Resources Code[1] section 27104.

As the basis for setting aside the permit granted to Epstein by the Regional Commission, the petition alleged that petitioners were residents of Venice "directly adversely affected by" Epstein's proposed

---

[1]All citations herein to code sections are references to former Public Resources Code section 27000 et seq. (div. 18, the coastal initiative measure) in effect prior to their repeal as of January 1, 1977.

apartment project authorized by the permit. One petitioner was further described as a "resident property owner of real property located in Venice . . . ." The petition alleged that the permit issued November 4, 1974, was "in all respects void as its issuance was not in compliance with the requirements of the Act" because (1) the notice of hearing on Epstein's application failed to state that an occupied house and a landmark tree were to be demolished, (2) the Commission did not consider the effect of the demolition of the house and tree, and (3) the Commission failed to act within the time limits for granting a permit from the time of filing of application therefor. Petitioners justified their failure to exhaust the administrative remedy of appeal to the California Coastal Zone Commission provided by the code (§ 27420, subd. (c)), and their failure to bring mandamus proceedings within 60 days of the granting of such permit, as required by the code (§ 27424), by averring in the petition a lack of knowledge until May 7, 1975, that the development entailed demolition of the dwelling and tree, as a result of the inadequacy of the public notice.

The petition attached as exhibits the declaration of petitioner Robert Wells supporting the allegations of lack of knowledge of the intended destruction of the dwelling and tree. This declaration attached copies of Epstein's application, the notice of public hearing, the resolution of approval and permit, photographs showing the tree and dwelling, the Regional Commission's agenda for its session at which the application was acted upon, the staff summary and recommendations submitted to the Regional Commission, excerpts from its minutes of the hearing on the permit, letter of petitioner Robert Wells of May 8, 1975, to the Regional Commission requesting revocation of the permit, City of Los Angeles forms approving the project, and Epstein's acknowledgment of receipt of the permit. Petitioners' objection to the sufficiency of the notice included the claim that the address specified in the notice (415 North Venice Boulevard) as the address of the project was fraudulent inasmuch as the development actually encompassed three lots, the addresses of which were or had been 415, 419 and 423 North Venice Boulevard, the latter address being that of the lot upon which the dwelling and tree were in fact located.

Epstein demurred to the petition and simultaneously filed a response. The response included three declarations traversing petitioner's charges as to the (a) inadequacy of the notice of the hearing on the application for the permit, and (b) the alleged failure of the Regional Commission to consider the effect of demolition of the dwelling and tree.

The declarations attached to Epstein's response included that of Melvin J. Carpenter, executive director of the Regional Commission. His declaration stated that during the presentation made at the hearing, slides showing the three lots which were the subject of the permit were projected which "clearly demonstrated that there was an existing sixty (60) foot tree and an existing structure." He further stated that "the plans [Epstein's] submitted to the Commission showed the proposed structure would cover all three (3) lots and left no doubt that the tree and existing building would have to be removed to permit the proposed structure to be built." The declaration further stated that notices of the hearing which described the development as "construction of an 8-unit apartment building at 415 N. Venice Blvd. Venice" were mailed to all property owners whose property lay within 100 feet of the building site, in accordance with the provisions of title 14, California Administrative Code, sections 13250-13281.

The declaration of Alan Robert Block, an attorney employed by the Department of Justice, stated that the public notice had been found sufficient by the Attorney General because the permit application itself contained a legal description including all three lots and the notice of public hearing was posted on the house which was on the same lot as the tree. This declaration added, "It has not been the Commissions [*sic*] practice to require a separate permit application for demolition when one has been applied for and issued for the construction of a project on the same property."

The declaration of Alvin S. Tobias, counsel for respondent Epstein, added that the tree had already been removed at the time the response was filed. He further stated that the dwelling "is in fact uninhabited, has been condemned, contains no toilet facilities or other living facilities and has no electric current."

Respondent Regional Commission demurred to the petition and on the same date also filed its return denying material allegations of the petition and raising defenses based upon petitioners' failure to exhaust their administrative remedy or bring suit within the 60-day limitation specified in section 27424 of the code.

The matter was submitted to the court on the above described pleadings with attached exhibits and declarations and the memoranda of points and authorities. On July 2, 1975, the court filed an order stating reasons for the court's view that the notice of public hearing was sufficient. In said order the court stated:

"The project was described in the Permit Application and Notice as 'construction of an 8-unit apartment building . . . at 415 North Venice Boulevard.' It would be redundant to require, as petitioners request, a separate permit or even an expanded project description to encompass the demolition of existing structures and removal of vegetation; such demolition and removal are obviously implied in a permit for construction.

"It is also apparent that petitioners had constructive notice that the project site additionally included 419 and 423 North Venice Boulevard. The legal description of the parcel in the Permit Application stated that work was proposed on 'Lot 5, 6 & 7.' The Notice of Public Hearing was posted on the structure at 423 North Venice. Furthermore, even a cursory site inspection would have indicated the substantial improbability of constructing an eight-unit complex within the boundaries of 415 North Venice, a triangular lot of only 2720 square feet."

On July 18, 1975, the court made and entered its order declaring: "1. Coastal Development Permit P-3669 was issued validly by the South Coast Regional Commission with proper notice in accordance with Public Resources Code section 27420(b)." The court also ordered: "3. That petitioners' peremptory writ of mandate is denied; 4. That Respondent South Coast Regional Commission is awarded cost of suit herein incurred, in the amount of $13.00."

This order was entered as a judgment on July 18, 1975. The notice of appeal therefrom was duly filed August 29, 1975.

*Contentions*

Petitioners contend:

1. That the action of respondent Regional Commission in issuing a permit to respondent Epstein was in excess of jurisdiction and void because the public notice of the hearing on Epstein's application:

(a) Was insufficient to comply with the requirements of section 27420, subdivision (b), of the code; and

(b) Was not reasonable notice required by the due process clauses of the state and federal Constitutions.

2. In view of the absence of notice to petitioners, their failure to exhaust the administrative remedies or to bring mandamus proceedings within the 60-day period specified by section 27424 of the code is excused.[2]

Respondents Epstein and Regional Commission both take issue with each of petitioners' contentions.

## Discussion

The trial court has found, on the basis of the declarations and exhibits submitted, that demolition and removal of the dwelling and tree were "obviously implied in a permit for construction" of an eight-unit apartment building upon Epstein's property, and that the public notice was sufficient to impart knowledge that the project site included all three lots described in the application.

As our Supreme Court said in *Taormino* v. *Denny,* 1 Cal.3d 679, 687 [83 Cal.Rptr. 359, 463 P.2d 711]: "The trial court is the arbiter of the facts, and this court cannot upset its decision as a matter of law when substantial evidence supports the judgment." On appeal, we are bound to "view the evidence in the light most favorable to the respondent and will indulge in all intendments and reasonable inferences to sustain the findings and the judgment." (*Gyerman* v. *United States Lines Co.,* 7 Cal.3d 488, 492, fn. 1 [102 Cal.Rptr. 795, 498 P.2d 1043].) ■ The judgment of a superior court denying a writ of mandate is reviewable in this court on appeal. (Code Civ. Proc., §§ 1110, 1064, 904.1; *Ross* v. *Municipal Court,* 49 Cal.App.3d 575, 576 [122 Cal.Rptr. 807]; *Mellinger* v. *Municipal Court,* 265 Cal.App.2d 843, 845 [71 Cal.Rptr. 535].) The scope of review is, therefore, governed by the above stated principles.

Formal findings were not requested and were, therefore, waived. (Code Civ. Proc., § 632; *Rodriguez* v. *Municipal Court,* 25 Cal.App.3d 521, 524 [102 Cal.Rptr. 45].) As stated in *Dairyman's Cooperative Creamery Assn.* v. *Leipold,* 34 Cal.App.3d 184, 188-189 [109 Cal.Rptr.

---

[2]Petitioners, in their brief, also contend that the court improperly awarded respondents attorneys' fees pursuant to section 27428 of that code. The judgment appealed from, however, does not award fees. The notice of appeal also specified the order of July 2, 1975, which sustained the demurrers to the petition for writ of mandate and to the complaint in a companion injunction suit which were therein consolidated. That order, however, was never entered as a judgment and was subsequently cancelled. If any fees were awarded, it was in the judgment dismissing the companion injunction suit, from which no appeal was perfected. We do not, therefore, reach the issue whether attorneys' fees were properly awarded.

753]: "Because neither side requested findings of fact and conclusions of law, we must assume that the court found all the facts necessary to support the judgment. (Code Civ. Proc., § 632; 4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 310, p. 3118.)" We have, moreover, the benefit of the court's informal expression of views in the July 2, 1975, order, above quoted. An examination of the evidence shows that it provides more than substantial support for the implied and informally expressed findings of the court which in turn support the denial of the peremptory writ.

### The Notice of Hearing Was Adequate to Comply With the Statutory Requirement

Section 27420, subdivision (b), requires that the "regional commission shall give written public notice of the nature of the proposed development and of the time and place of the public hearing." Petitioners do not question the sufficiency of the distribution of the notice which was given in this case.[3]

Petitioners contend, however, that the content of the notice was inadequate. The notice stated that a public hearing was scheduled upon a request "to permit construction of an 8-unit apartment building at 415 N. Venice Blvd., Venice." Petitioners cite section 27103 which defines "development" for the proposition that the removal of the 60-foot tree ("removal or logging of major vegetation") was itself a development as was the demolition of the dwelling ("demolition . . . of any structure"). Thus, petitioners argue that the notice required must refer to the inclusion of each of such elements of the overall project.

The notice required by section 27420, subdivision (b), is merely notice of the "nature of the proposed development," not of each and every aspect thereof which constitutes it a development. The ordinary dictionary definition of the word "nature" in this context is "general character." (Webster's New Internat. Dict. (3d ed.) p. 1508.) This interpretation of the notice provision has, moreover, been adopted in the administrative regulations implementing section 27420, subdivision (b). Title 14, California Administrative Code, section 13250, subdivision (d), describes the public notice which is to be posted on the property as follows: "Such notice shall contain *a general description of the nature* of the proposed development." (Italics added.)

---

[3]In addition to the mailing of copies of the notice to all landowners owning property within 100 feet of the development, and posting a copy thereof on the property, a comparable description of the permit sought was included in an agenda which was widely circulated to all interested persons who had requested it.

Such administrative interpretation is further evidenced by the policy of the Commission which was stated in the declaration of Alan Robert Block as follows: "It has not been the Commissions [*sic*] practice to require a separate permit application for demolition when one has been applied for and issued for the construction of a project on the same property." ■ The above administrative interpretations, consistent with the language of the statute, are entitled to considerable weight. (*REA Enterprises* v. *California Coastal Zone Conservation Com.*, 52 Cal.App.3d 596, 611 [125 Cal.Rptr. 201].)

■ Petitioners are contending in effect that there must be a particular description adverting to each and every element of the development which would individually qualify it as such. If this were done in the instant case, it would require a specification in the notice that the project included (1) "grading" to accommodate the subterranean parking, (2) "change in the density or intensity of use" from one-family units to eight-family units, (3) "demolition . . . of . . . structure," the dwelling, (4) "removal . . . of major vegetation," the 60-foot tree, and (5) "construction . . . of . . . structure," an eight-unit apartment. The statutory requirement that the nature of the development be described certainly contemplated no such detail. We, therefore, conclude that the notice given by respondent Regional Commission was adequate to comply with the requirements of the statute.

### *The Notice Was Adequate for Due Process*

Petitioners claim that their interest in the preservation of Coastal Zone resources is such that it may not be adversely affected without due process, including such notice as is required for due process. In support of this claim, they cite *Scott* v. *City of Indian Wells,* 6 Cal.3d 541, 549 [99 Cal.Rptr. 745, 492 P.2d 1137], which held that adjoining landowners had a sufficiently significant property interest in a zoning matter to require due process notice. In that case, our Supreme Court said (6 Cal.3d at pp. 548-549):

"To hold, under these circumstances, that defendant city may zone the land within its border without any concern *for adjacent landowners* would indeed 'make a fetish out of invisible municipal boundary lines and a mockery of the principles of zoning.' '[C]ommon sense and wise public policy . . . require an opportunity for property owners to be heard before ordinances which substantially affect their property rights are adopted. . . .'" (*Kissinger* v. *City of Los Angeles* (1958) 161 Cal.App.2d 454, 464 [327

P.2d 10].) Indeed, the due process clause of the Fourteenth Amendment requires 'at a minimum . . . that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing. . . .' (*Mullane* v. *Central Hanover Co.* (1950) 339 U.S. 306, 313 [94 L.Ed. 865, 873, 70 S.Ct. 652].) Zoning does not deprive an adjacent landowner of his property, but it is clear that the individual's interest in his property is often affected by local land use controls, and the 'root requirement' of the due process clause is 'that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest, except for extraordinary situations where some valid governmental interest . . . justifies postponing the hearing until after the event. . . .' (*Boddie* v. *Connecticut* (1971) 401 U.S. 371, 379 [28 L.Ed.2d 113, 119, 91 S.Ct. 780, 786]; italic in original, fns. omitted.)

"We are satisfied that the City of Indian Wells owes *adjoining landowners* who are not city residents a duty of notice to the extent given similarly situated city residents, a duty to hear their views, and a duty to consider the proposed development with respect to its effect on *all neighboring property owners.*" (Italics added.)

It does not appear that any of petitioners are owners of adjoining, adjacent, or neighboring property; only one of them owns any property in Venice, and it is approximately six and one-half blocks removed from the development. *Scott* v. *City of Indian Wells* is, moreover, in the vanguard in extending due process protection under such circumstances. (See Annot. (1971) 38 A.L.R.3d 167, 206-210.) However, respondents do not contest the applicability of due process standards to the notice of the hearing in this case, and we will assume that such standards are applicable.

■ Due process requires that before a party's substantial interest may be adversely affected, reasonable notice must be given of the proceedings which may so result. The general principles governing the sufficiency of notice have been stated in several decisions of our appellate courts. In *Drummey* v. *State Bd. of Funeral Directors,* 13 Cal.2d 75 [87 P.2d 848], our Supreme Court, in upholding the constitutionality of a statute providing for the revocation or suspension of licenses " 'after proper hearing and notice to the licensee,' " said (13 Cal.2d at p. 80): "It is contended that the act is unconstitutional because, although it provides for notice, it does not specify the form, manner, extent or duration of notice, and that this is required under the due process provisions of the state and federal Constitutions. The contention is untenable. Due process

*does not require any particular form of notice* or method of procedure." (Italics added.)

A like view was expressed in *Litchfield* v. *County of Marin,* 130 Cal.App.2d 806, 813 [280 P.2d 117], where the court said: "The questions of notice and due process are so inextricably part and parcel of each other that there could be no due process without the sovereign following some procedure which according to common experience should reasonably give notice of impending interference with ownership or right to possession. But there is no constitutional mandate of which we are aware which makes specific how that notice is to be given or which form it must take. Therefore the Legislature in prescribing the notice to be given as an essential element of due process is limited only by the inferred constitutional mandate that the notice must be such as would according to common experience be reasonably adequate to the purpose." (See also *City of Sausalito* v. *County of Marin,* 12 Cal.App.3d 550, 558 [90 Cal.Rptr. 843].)

None of the above cases dealt specifically with the substantive content of the notice. The content of the notice was considered in *Sunset Amusement Co.* v. *Board of Police Commissioners,* 7 Cal.3d 64, 81 [101 Cal.Rptr. 768, 496 P.2d 840] (app. dism. 409 U.S. 1121 [35 L.Ed.2d 254, 93 S.Ct. 940]). A " 'notice of intention to deny permit,' " which charged that the applicant " '*had failed* to provide sufficient parking facilities for its premises,' " was held sufficient notice to advise the applicant that one ground upon which the board proposed to deny its renewal application was present failure to provide adequate parking. The court said (7 Cal.3d at p. 81): "Taken as a whole, the notice seems adequate to advise petitioners that one ground upon which Board proposed to deny their renewal application was petitioners' failure to provide adequate parking for their patrons. True, the issue was phrased in terms of a prior conviction and violation of probation, yet petitioners must have known that the Rollerbowl's off-street parking facilities were at issue in the case."

It is apparent in the case at bench that the trial court considered the notice given was "such as would according to common experience be reasonably adequate to the purpose." (*Litchfield* v. *County of Marin,* 130 Cal.App.2d at p. 813 [280 P.2d 117].) The trial court pointed out in its July 2 order that "demolition and removal are obviously implied in a permit for construction," and that there was no reasonable basis for any objector to be confused by the project site address of 415 North Venice

Boulevard. At the time the notice was given, there was no longer a 415 North Venice Boulevard comprising a single lot; such had become the official address assigned to the project encompassing the three lots which previously had borne the addresses of 415, 419 and 423 North Venice Boulevard.

 Notice of pending construction of an eight-unit apartment at this site reasonably put any recipient on inquiry as to the likely inclusion of elements which might be inconsistent with the long-range conservation and management of the natural resources of the Coastal Zone. Any inquiry into the matter would patently have disclosed the facts stated in the application that three lots were involved and that the plan for the development was inconsistent with the continued existence of the tree and dwelling.

In *Carson* v. *Board of Appeals of Lexington,* 321 Mass. 649 [75 N.E.2d 116], sufficiency of a notice of an application for zone variance was upheld. The petition and notice gave an address on a street which the land involved did not abut and it did not specify the kind of garage intended. In upholding the sufficiency of the notice, the court said (75 N.E.2d at p. 118):

"The plaintiffs contend that in the petition and notice the land was wrongly described as located at 47-49 Bedford Street, instead of on Camellia Place which runs easterly from Bedford Street to the railroad location. It is true that since the conveyance of the westerly end of the land to the town the remaining land in question has no boundary on Bedford Street. But in 1945 and 1946 it was still taxed as located at 47-49 Bedford Street. The description in the petition and notice could hardly have referred to any other land, for the only other land having the same numbering was the land already conveyed to the town. . . .

"The petition prayed that 'erection and maintenance of garage' be permitted on the land in question. The notice followed substantially the same form. In granting the petition the board authorized the petitioner 'to erect and maintain a garage . . . to be used for the storage of not more than sixteen (16) buses and for light repair.' The plaintiffs contend that the authorization enlarged the scope of the petition and notice, and is therefore invalid. See Kane v. Board of Appeals of Medford, 273 Mass. 97, 173 N.E. 1. The notice should be sufficient to warn neighboring landowners of proposed action that may affect them injuriously. In the present case it is true that neither the petition nor the notice disclosed the size of the proposed garage. But since the petitioner was a bus company,

it was probable that the garage was intended for the storage of a considerable number of buses rather than for the accommodation of one or two private automobiles. The making of 'light repairs' might well be deemed incidental to the maintenance of such a garage. We think that the petition and the notice were not defective in the respects just discussed."

We, therefore, have no hesitancy in concluding that the dissemination of the notice in the manner in which it was distributed was "according to common experience" "reasonably adequate to the purpose" of advising potential objectors so as to generate the public input contemplated by section 27001 of the code. Said notice, therefore, fulfilled due process standards.

In view of petitioners' failure to exhaust administrative remedies and their failure to commence mandate proceedings within the 60-day period allowed by section 27424 of the code, other objections to the proceedings of respondent Regional Commission are not available to them.

The judgment denying the peremptory writ is affirmed.

Allport, Acting P. J., and Cobey, J., concurred.