[Civ. No. 21288. Third Dist. Aug. 15, 1983.]

PETER P. FERRIS et al., Plaintiffs and Respondents;
PAULA ARONSON et al., Plaintiffs and Appellants, v.
LOS RIOS COMMUNITY COLLEGE DISTRICT et al.,
Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

COUNSEL

Van Bourg, Allen, Weinberg & Roger and Stewart Weinberg for Plaintiffs and Appellants and for Plaintiffs and Respondents.

Liebert, Cassidy & Frierson, Larry J. Frierson, Warren S. Kinsler and Melanie M. Poturica for Defendants and Appellants.

OPINION

**BLEASE, J.**— In this appeal we hold that part-time regular community college instructors are entitled to pro rata compensation equivalent to that paid full-time regular instructors for the same work.[1]

Six part-time instructors employed by Los Rios Community College District (Los Rios) sought a writ of mandate compelling Los Rios to grant them status as regular employees and pro rata pay at a rate equivalent to that paid full-time regular instructors. Two of them, Peter Ferris and Carl Coleman, were granted this relief and awarded attorney's fees of $980. The remaining instructors, Paula Aronson, Margery Brooks, Dennis Hock, and Mary Samaan were denied relief. Los Rios appeals contending the award of pro rata pay and attorney's fees to Ferris and Coleman is improper. The unsuccess-

---
[1]Throughout this opinion the terms tenured, regular, and permanent are used interchangeably. (See current Ed. Code, § 87602, subd. (b).)

ful instructors cross-appeal contending they are entitled to tenure and pro rata pay.[2]

*Facts*

The matter was tried by agreement of the parties on a deplorably skeletal stipulation of facts. Our review is confined to the facts adduced from this starveling fare.

Ferris and Coleman were voluntarily granted regular status by Los Rios. In the unpublished portion of this case we determine that Aronson, Brooks, Hock, and Samaan are also entitled to regular status.

Full-time employment at Los Rios is measured and compensated for on the basis of 15 hours of classroom instruction per week.[3] Prior to the 1980-1981 academic year regular part-time instructors were paid 78 percent of that paid full-time instructors for each classroom hour. In 1980-1981 the rate was increased to 100 percent. The written job descriptions vaguely differentiate between the duties of full-time and part-time instructors, the former including such tasks as "to assist students as faculty advisers" and "to perform assigned committee work."

In 1978 Los Rios determined that part-time instructors should be paid at the 78 percent pro rata rate. This determination was based on a perception that full-time instructors' work included matters "typically" not required of part-time instructors. Los Rios relied on two "studies." One "study" said: "Generally speaking, part time [*sic*] instructors perform duties . . . which constitute 77% of the job content of a regular instructor" such as: curriculum development, extracurricular activity/club advising; college and departmental meetings; governance activities. The other study based the 77 percent figure on the "Average Effort Hours" derived from 5 colleges in which part-time instruction was said to have varied between 76 and 88 percent of that of a full-time teacher.

---

[2]The action was initiated in June of 1976. The complaint names 29 part-time instructors, an association and a union local as plaintiffs. It is styled as a class action and requests classification of Los Rios' part-time instructors as probationary or permanent personnel pursuant to the named plaintiffs' legal theory of tenure. The complaint requests the district be ordered to provide compensation for probationary and permanent part-time instructors proportionally comparable to that provided full-time instructors "from the beginning of this proceeding henceforth." Permission to maintain the suit as a class action was denied by the trial court on October 26, 1976. Four and one-half years after the complaint was filed the six instructors named above and the union local substituted in new counsel and noticed a hearing on the requested writ.

[3]Laboratory instruction is credited at the rate of one and one-half hours of laboratory instruction equals one hour of lecture instruction.

The stipulation of facts summarizes testimony concerning tasks performed by each of the six instructors in their employment with Los Rios. Each participated in activities not directly connected with classroom instruction. Ferris participated in governance activities and departmental meetings. Aronson served on various governance committees and attended faculty and departmental meetings. Coleman was "assigned" to two governance committees. Brooks participated in faculty activities and departmental meetings. Samaan was "instructed" by the departmental chairman and the dean to attend departmental meetings, orientation and other consultation meetings with full-time instructors.

*Discussion*

I

Until 1977 the right of part-time community college instructors to pay prorated to that of full-time instructors was expressly addressed by Education Code section 13503.1.[4] In 1976, as part of the recodification of the Education Code[5] and its reorganization into separate divisions for community college districts (div. 7), and elementary and secondary districts (div. 2-4), the successor to section 13503.1 (current § 45025) was made applicable only to elementary and high school instructors. This case spans the period before and after the reorganization.

A.

Los Rios first claims its pay differential between part-time and full-time instructors was permitted by section 13503.1.

Section 13503.1 provided: "In fixing the compensation of part-time employees, governing boards shall provide an amount which bears the same ratio to the amount provided full-time employees as the time actually served by such part-time employees bears to the time actually served by full-time

---

[4]The statute provided: "Any person employed by a district in a position requiring certification qualifications who serves less than the minimum schoolday as defined in Sections 11003 to 11008, inclusive, or 11052 may specifically contract to serve as a part-time employee. In fixing the compensation of part-time employees, governing boards shall provide an amount which bears the same ratio to the amount provided full-time employees as the time actually served by such part-time employees bears to the time actually served by full-time employees of the same grade or assignment. This section shall not apply to any person classified as a temporary employee under Section 13337 and 13337.5, or any person employed as a part-time employee above and beyond his employment as a full-time employee in the same school district."

[5]Statutes 1976, chapter 1010. The operative date of the revision was April 30, 1977. All statutory references are to the former Education Code unless otherwise noted. These provisions were in effect at the time of the complaint and during most of the pertinent time period. References to the revised Education Code are denoted as "current section."

employees of the same grade or assignment." In *California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692 [170 Cal.Rptr. 817, 621 P.2d 856] (*CTA v. San Diego*), the Supreme Court held this provision applies to community college instructors and interpreted it to mean "the proper measure for apportioning part-time pay under section 13503.1 is the time actually spent on the job both inside and outside of the classroom." The court said: "This does not mean that the required number of hours for full-time instructors set by the districts may be used as the measure . . . The reference to 'time actually served' [in section 13503.1], in our view, requires consideration of the total amount of time spent by part and full-time teachers in connection with their teaching." (At p. 702.) The court observed part-time instructors at San Diego were not "*expected* to hold office hours, serve on professional committees or supervise student activities, all of which are required of full-time teachers." (At p. 696.) (Italics added.)

Los Rios claims the trial court erred in awarding Coleman and Ferris' pay prorated to the classroom time served by full-time instructors because the record compels the factual conclusion similar differential expectations obtained at Los Rios. We must disagree.

Los Rios relies upon *Rooney v. San Diego Community College Dist.* (1982) 129 Cal.App.3d 977 [181 Cal.Rptr. 464], modified 131 Cal.App.3d 1059a. In *Rooney* it was held the pay requirement of section 13503.1 "does not mandate compensating a part-time teacher for hours spent on voluntary tasks." (*Id.,* at p. 983.) However, neither the *Rooney* opinion nor Los Rios' argument squarely confronts the meaning of the word "expected" as employed in *CTA v. San Diego*. In the absence of evidence part-time instructors were informed by Los Rios that participation in governance activities, departmental meetings, student advising, etc. was voluntary and failure to participate would not be considered in evaluating their service, the issue of the actual time they were "expected" to serve is open.

The record is ambiguous on the question of expectations. In this circumstance we are constrained by our limited scope of review on appeal to uphold the implied contrary finding of the trial court. ■ Even on a settled or stipulated record, as here, "[w]here the inferences are conflicting, it is for the trier of fact to resolve the conflict in the absence of a rule specifying the inference to be drawn." (*McKinney v. Kull* (1981) 118 Cal.App.3d 951, 956 [173 Cal.Rptr. 696].)

The plaintiffs testified to significant actual service of time in duties Los Rios says are typically performed by full-time faculty. This permits an inference contrary to Los Rios' factual claim. The inference is not impaired

by the fact Los Rios employed different job descriptions for full and part-time instructors. They are written in an obscure dialect of academic bureaucratise. Their use to determine the actual "expectations" communicated to Los Rios instructors is as flexible as those flamingos with which Alice tried to play croquet.

Los Rios also relies on a stipulation containing the opinions of Los Rios management personnel. This disembodied testimony relates that Los Rios part-time instructors perform duties constituting only 77 percent of the "job content" of full-time instructors. The bases for these opinions are "studies" which state nothing more than this same conclusion. They lack a foundation essential to their credibility. Although, by the parties' stipulation, the lack of a foundation is not a bar to admissibility, it deprives the opinions of their probative value. The unsupported conclusions are insufficient to compel the trier of fact to adopt them as fact.

 In view of these conflicting inferences, we are bound to conclude that the implied finding that part-time instructors at Los Rios were expected to perform the same amount of work per assigned hour of classroom instruction as do full-time instructors is supported by substantial evidence.

B.

Los Rios also claims the right to pro rata pay terminated when the Education Code was recodified and reorganized in 1976 because section 13503.1 was not replicated in the title of the code pertaining to community colleges.

The recodification reenacted section 13503.1 as current section 45025 in title 2, division 3 which applies to elementary and secondary education. Unlike most provisions of the prior code, section 13503.1 was not reenacted in a paired set, once in division 3 and once in division 7, which applies to community colleges. Los Rios makes two claims about this differential action.

 First, it says current section 45025 applies only to instructors in grades one through eight and high school. We agree. This conclusion is compelled by the language of section 45025, if not by its singular placement.[6]

---

[6]Section 13503.1 used terms which applied to employees of both community college districts and elementary and high school districts. It referred to sections which embraced community college instructors. However, section 45025, while reenacting the equal pay provisions, changed these references to limit its application to elementary and high school instructors. It provides: "Any person employed by a district in a position requiring certification

The stronger claim is that the Legislature intended to extinguish whatever rights part-time instructors had to pro rata pay. The premise is that section 13503.1 (and now current § 45025) was the exclusive source of such rights. The premise is incorrect. There are statutory sources of the principle of pro rata pay exclusive of section 13503.1. These sources were replicated in title 3, division 7, applying to community colleges, as part of the reorganization of the Education Code.

Los Rios relies upon current section 87801 as the authorization for its discretion to determine the salaries of its employees. It provides: "The governing board of a community college district shall fix and order paid the compensation of persons in community college service requiring certification qualifications employed by the board unless otherwise prescribed by law." Los Rios asks us to believe this section gives it unlimited discretion over the salaries of part-time instructors, once freed of the constraints of section 13503.1. It does not.

The section is the offspring of section 13502[7] and is a lineal descendant of section 13802 of the Education Code of 1943 (Stats. 1943, ch. 71, p. 577), derived in turn from School Code section 5.731.[8] The salary setting discretion of section 13502 and its predecessors has been consistently subordinated to a "principle of uniformity of treatment as to salary for those performing like services with like experience." (*Fry* v. *Board of Education* (1941) 17 Cal.2d 753, 757 [112 P.2d 229]; also see *Rible* v. *Hughes* (1944) 24 Cal.2d 437, 444 [150 P.2d 455, 154 A.L.R. 137]; *Heinlein* v. *Anaheim Union H. S. Dist.* (1950) 96 Cal.App.2d 19, 22 [214 P.2d 536]) "[T]here are limitations on the power of boards of trustees to change salaries of permanent teachers. One of the 'legal consequences' [of permanent status] is that the fixing of salaries must not be discriminatory, arbitrary

---

qualifications who serves less than the minimum schoolday as defined in sections 46112 to 46116, inclusive, or 46141 may specifically contract to serve as a part-time employee." Sections 46112 to 46116 and 46141 refer, variously, only to instructors in grades kindergarten through eight and high school. The inference is compelled that the part-time employees which are the subject of the section are those employed in schools containing such grades.

The instructors argue that notwithstanding the singular replication of section 13503.1 in the division applicable to elementary and secondary education, it should be read in light of current section 3 which instructs that: "[t]he provisons of this code, insofar as they are substantially the same as existing statutory provisions relating to the same subject matter, shall be construed as restatements and continuations, and not as new enactments." This provision is unavailing, however, because section 45025 is not "substantially the same" as section 13503.1 on the crucial point of its applicability to community college instructors.

[7]Section 13502 provided: "[t]he governing board of any school district shall fix and order paid the compensation of persons in public school service requiring certification qualifications employed by the board unless otherwise prescribed by law."

[8]This venerable lineage predates considerably that of section 13503.1 (see Stats. 1967, ch. 1224, p. 2990) as well as the advent of community colleges.

or unreasonable. The [cited] cases all so qualify the general power of the administrative agencies to fix the salaries of permanent teachers. Because of this qualification it necessarily follows that *there must be a comparison with the salaries of other teachers or salaries of previous years.* If this could not be done, the qualification would be meaningless." (*Kacsur* v. *Board of Trustees* (1941) 18 Cal.2d 586, 592 [116 P.2d 593]; italics added.)

This principle of equal pay was implied from a statutory matrix of rights accorded tenured faculty. The principle was made expressly applicable to part-time certificated employees in section 13503.1.[9] We need not look far to find an identical principle of equal pay for part-time community college instructors. Current division 7 shows a specific legislative concern for the pro rata equality of salaries of full-time and part-time community college instructors. Thus, current section 87483, subdivision (e) provides that when a full-time certificated employee is permitted to reduce his workload from full-time to part-time duties the "employee shall be paid a salary which is the pro-rata share of the salary he would be earning had he not elected to exercise the option of part-time employment. . . ." Current section 87815 provides in part that a certificated employee "who serves less than a full school year shall receive as salary . . . [which] bears the same ratio to the established annual salary for the position as the number of working days he serves bears to the total number of working days plus institutes in the annual school term . . . ." It also provides an instructor "who serves a complete semester shall receive not less than one-half of the established annual salary for the position." (Compare current § 87816.)

These sections evince an unmistakable legislative policy that part-time employees shall receive pro rata pay equivalent to that paid full-time employees for the same work.

We apply that principle to this case. We found implicit in the judgment that part-time instructors at Los Rios were "expected to" serve an amount of time outside the classroom proportionally equivalent to that expected of full-time instructors. Given this premise there is no reason to validate the maintenance of a pay differential predicated solely on the part-time status of the instructors.[10]

---

[9]Section 13503.1 was not redundant. It made explicit what was implied as statutory policy and clarified its applicability to nontenured and part-time employees. It made the principle expressly inapplicable to part-time instructors employed as "a full-time employee in the same school district." Because section 13503.1 no longer applies to community colleges, its restrictions upon the principle of pro rata pay no longer apply.

[10]Los Rios also argues the period of retroactive pay must be limited by the statute of limitations. The only teacher to whom the point has application is Coleman. He makes no contrary argument. We deem the limitation implicit in the judgment.

## II

■ The remaining area of dispute concerns the award of attorney fees to Coleman and Ferris pursuant to Government Code section 800. Los Rios contends section 800 has no application because the instructors did not seek review of an award, finding, or other determination of an "administrative proceeding." We agree.

Government Code section 800 provides for an award of reasonable attorney fees (not to exceed $1,500) to a complainant who prevails: "In any civil action to appeal or review the award, finding, or other determination of any *administrative proceeding* under this code or under any other provision of state law . . . ." (Italics added.) The terms "award, finding, or other determination" and the term "administrative proceeding" imply it is not every decision of an administrative official which, on judicial review, may occasion an award of attorney's fees. We concur in the decision in *Wilkerson* v. *City of Placentia* (1981) 118 Cal.App.3d 435, 444 [173 Cal.Rptr. 294] (accord *Williams* v. *Department of Water & Power* (1982) 130 Cal.App.3d 677, 685 [188 Cal.Rptr. 868]) that Government Code section 800 is inapplicable except where review is sought of action taken as a result of an administrative hearing required or provided by law. There was none here.

The remaining issue considered in this appeal does not warrant publication under California Rules of Court, rule 976. Accordingly, it is discussed in an unpublished opinion simultaneously filed. (Cal. Rules of Court, rule 976.1.)

### Disposition

Appellant and respondent instructors shall recover their costs on appeal. The award of attorney's fees to counsel for the instructors is reversed. The denial of regular status and back pay to Aronson, Brooks, Hock, and Samaan is reversed and the case is remanded with instructions that the writ also issue compelling Los Rios to grant them tenure and appropriate pro rata pay. With these exceptions the judgment is affirmed.

Regan, Acting P. J., and Evans, J., concurred.

The petition of defendants and appellants for a hearing by the Supreme Court was denied November 23, 1983.