[No. A050705. First Dist., Div. Five. Mar. 28, 1991.]

DONNIE SULLIVAN, Plaintiff and Appellant, v.
CALISTOGA JOINT UNIFIED SCHOOL DISTRICT, Defendant
and Respondent.

**COUNSEL**

Byrne & Bertoli and James G. Bertoli for Plaintiff and Appellant.

Henry, Merchat, Gong, Red & Uchiumi and Ronald K. Uchiumi for Defendant and Respondent.

OPINION

HANING, J.—Petitioner/appellant Donnie Sullivan appeals the denial of her petition for a peremptory writ of mandate sought to compel her employer, respondent Calistoga Joint Unified School District, to reclassify her from a categorically funded teacher to a permanent part-time teacher effective the beginning of the 1987-1988 school year. She contends: (1) the evidence is insufficient to support the court's finding that she is a categorically funded teacher; (2) she is entitled to permanent status; and (3) she is entitled to attorney fees.

FACTS

Appellant was hired by respondent on September 23, 1985, as a .50 full-time equivalent (FTE) resource teacher in the school improvement program (SIP) and as a temporary .25 FTE resource teacher under the gifted and talented education (GATE) program for the 1985-1986 school year. Her assignment sheet for that school year classifies her as "tpt," or temporary part-time. She was evaluated twice during the 1985-1986 school year and both evaluation forms, signed by appellant, classify her as a temporary employee and indicate that assignment under the GATE/science resource programs. According to the declaration of respondent's supervisor, John Burke, "Categorically funded employees are often, and correctly so, classified as temporary employees."

Appellant was rehired for the 1986-1987 school year to serve in the same .75 FTE position under the SIP and GATE programs. The assignment sheet for that school year, initialed by appellant, classifies her as "ppt," or probationary part-time. According to Burke, appellant's classification as "probationary part-time" was a mistake and she should have been classified as "temporary" or "categorically funded."

Appellant was rehired for the 1987-1988 school year to teach as .50 FTE under chapter 1 of title 1 of the Elementary and Secondary Education Act of 1965 program, .25 FTE under the SIP program, and .25 FTE under the GATE program. According to Burke, the assignment sheet for that year, executed by appellant, mistakenly classified her as a "tenured" teacher instead of a "temporary" or "categorically funded" teacher. The minutes of respondent's governing board meeting indicate that appellant was hired as a "categorical teacher."

Appellant was rehired for the 1988-1989 school year to teach as a .50 FTE under the chapter 1 program and .25 FTE under the GATE program.

According to Burke, her assignment sheet, dated October 3, 1988, mistakenly describes her status as "tenure" instead of "temporary" or "categorically funded."

After becoming aware of the status discrepancies in appellant's assignment forms, Burke was advised by respondent's legal counsel that appellant was a temporary or categorically funded employee under Education Code section 44909,[1] and not a permanent employee. A February 17, 1989, letter from Burke to appellant stated, "As you know, you were hired by [respondent] in a categorically funded position." The letter also notified her that, due to questions about the funding of her position, her "categorical employment" would be terminated at the end of the 1988-1989 school year.

In March 1989 appellant wrote to Burke informing him that in light of her status as a permanent employee, she had not received proper notice or a hearing regarding her termination. In April 1989 Burke responded to appellant's letter informing her that she was and had always been a categorically funded teacher. In April 1989 appellant received a revised assignment sheet for the 1988-1989 school year describing her status as "categorically funded." She signed and returned the assignment sheet after interlineating "categorically funded" and substituting "tenure." She also attached a memorandum to Burke stating, "It is my assertion that I am a tenured or permanent employee as stated under 'status' on the assignment sheet that I received at the beginning of this school year (1988-1989) which I have attached. Categorical Funded is a funding source not an employment status."

Thereafter, respondent received funding for appellant's position for the 1989-1990 school year. She was offered a position as an .80 FTE under the chapter 1 program. According to Burke, respondent's governing board determined that appellant's position was restricted to a specific funding source and that general fund moneys were not to be used for her position. Respondent's June 8, 1989, offer of employment notified her that pursuant to section 44909, her status was that of part-time teacher. Appellant signed the acceptance of offer form, but added the following: "This document is executed only for the purpose of informing the district of my intent to work for the 1989-90 school year and in no way should be viewed as a waiver of my rights to tenured status with the district." The 1989-1990 assignment sheet lists appellant's status as "Categorical Funded." Appellant did not sign the form, but noted on it, "I maintain that I'm a permanent employee."

In March 1990 Burke again notified appellant that she was in a categorically funded position and that due to questions about the funding of her

---

[1] Unless otherwise indicated, all further statutory references are to the Education Code.

position, her services were being terminated at the end of the 1989-1990 school year.

According to Burke, appellant has only served under the SIP, GATE and chapter 1 programs, all of which are categorically funded or special funded programs. Respondent is not required by state or federal law to provide any of these categorical programs, and these programs are not part of respondent's "regular" and required curriculum. He states that it is important to respondent and its students that respondent retain the flexibility to immediately realign its staff in the event that funding for the SIP, GATE or chapter 1 programs is reduced or discontinued, and that if appellant is classified as a permanent employee, respondent will lose that flexibility.

Appellant's declaration states that she never executed any agreement agreeing to serve as a categorically funded teacher.

In denying the petition the court found that: (1) Appellant was a categorically funded employee pursuant to section 44909, who at various times had erroneously been classified as a probationary and permanent employee; (2) regardless of the entries on various school records, the action by respondent's board was predicated upon employing appellant as a categorical teacher for SIP and GATE programs; (3) service performed in a categorically funded program pursuant to section 44909 cannot be included in computing service required as a prerequisite to obtaining permanent status; and (4) from the totality of the circumstances surrounding appellant's employment, her job description and actual duties performed for respondent, she must be classified as a categorically funded employee.

## DISCUSSION

■ The scope of review of the denial of a petition for writ of mandate is to determine whether the judgment of the trial court was supported by substantial evidence and constituted a proper exercise of discretion by that court. (*Blinder, Robinson & Co.* v. *Tom* (1986) 181 Cal.App.3d 283, 298 [226 Cal.Rptr. 339]; *Kennedy* v. *South Coast Regional Com.* (1977) 68 Cal.App.3d 660, 666 [137 Cal.Rptr. 396].) We are bound to view the evidence in the light most favorable to the denial of the writ, indulging in all intendments and reasonable inferences to sustain the denial. (*Blinder, Robinson & Co.* v. *Tom, supra,* at p. 298.)

I

■ Appellant contends there is insufficient evidence supporting the trial court's decision that she was a categorically funded employee under section 44909.

Section 44909 provides, in relevant part: "The governing board of any school district may employ persons possessing an appropriate credential as certificated employees in programs and projects to perform services conducted under contract with public or private agencies, or categorically funded projects which are not required by federal or state statutes. *The terms and conditions under which such persons are employed shall be mutually agreed upon by the employee and the governing board and such agreement shall be reduced to writing.* Service pursuant to this section shall not be included in computing the service required as a prerequisite to attainment of, or eligibility to, classification as a permanent employee unless (1) such person has served pursuant to this section for at least 75 percent of the number of days the regular schools of the district by which he is employed are maintained and (2) such person is subsequently employed as a probationary employee in a position requiring certification qualifications. Such persons may be employed for periods which are less than a full school year and may be terminated at the expiration of the contract or specially funded project without regard to other requirements of this code respecting the termination of probationary or permanent employees other than Section 44918." (Italics ours.)

By its terms, section 44909 requires that in order to classify a certificated employee as a categorically funded employee the terms and conditions of employment under which such persons are employed must be mutually agreed upon by the employee and the school district's governing board, and such agreement must be reduced to writing. Section 70 states, in pertinent part: "Writing includes any form of recorded message capable of comprehension by ordinary visual means. . . ."

Appellant concedes she was providing categorically funded services, but contends there is no substantial evidence that the terms and conditions of her employment as a categorically funded employee were mutually agreed upon or that any such agreement was reduced to writing.

Although the court's order refers to appearances and arguments by counsel at the hearing on the writ petition, the transcript of the oral hearing is not included in the appellate record. Moreover, no court minutes are included in the record. While there is no indication that witnesses were called at the hearing, we cannot tell what inquiries the court made to counsel and how they responded, and what stipulations, if any, were made. However, at oral argument, respondent's counsel conceded that respondent had "screwed up" and that the record does not contain evidence of any writing specifically stating that appellant was a categorically funded employee prior to the 1988-1989 and 1989-1990 school years. However, he argued that the

1988-1989 and 1989-1990 school year assignment sheets complied with section 44909's requirement of a writing evidencing a "meeting of the minds" between appellant and respondent. We disagree.

Although the 1988-1989 and 1989-1990 assignment sheets listed appellant's status as categorically funded, appellant returned the forms to respondent after indicating on them that she was a permanent, not a categorically funded, employee. Thus, the assignment forms do not demonstrate a meeting of the minds between appellant and respondent as to the terms and conditions of appellant's employment as a categorically funded employee. This does not satisfy the clear requirement of section 44909.

## II

For the benefit of the parties on remand, we consider appellant's remaining assignment of error. ■ Appellant contends she is entitled to attorney fees under Government Code section 800 because respondent arbitrarily denied her classification as a permanent part-time employee. Appellant is not entitled to such fees, because Government Code section 800 applies only to cases involving appeals from a finding or award or other determination of an administrative proceeding. (See *Williams* v. *Department of Water & Power* (1982) 130 Cal.App.3d 677, 685 [181 Cal.Rptr. 868]; *Wilkerson* v. *City of Placentia* (1981) 118 Cal.App.3d 435, 444 [173 Cal.Rptr. 294].) Because the appeal in the instant case is from a judgment of the superior court denying appellant's petition for peremptory writ of mandate, Government Code section 800 does not apply.

We neither express nor imply any opinion concerning appellant's employment status other than respondent's failure to comply with section 44909.

Reversed.

Low, P. J., and King, J., concurred.

Respondent's petition for review by the Supreme Court was denied June 20, 1991.