[No. C023542. Third Dist. Sept. 25, 1997.]

HARRY GUSTAFSON, Plaintiff and Respondent, v.
FRANK ZOLIN, as Director, etc., Defendant and Appellant.

1362

**COUNSEL**

Daniel E. Lungren, Attorney General, Martin H. Milas, Assistant Attorney General, Marybelle D. Archibald and Andrew F. Loomis, Deputy Attorneys General for Defendant and Appellant.

Julie E. Mumma for Plaintiff and Respondent.

## OPINION

**DAVIS, Acting P. J.**—The Department of Motor Vehicles (DMV) appeals from that portion of a writ of mandate directing it to pay $1,185 in attorney fees to petitioner (Gustafson) under Government Code section 800. The DMV suspended Gustafson's driver's license after determining that he had been arrested for driving with a blood-alcohol level of .08 percent or more. (Veh. Code, § 13353.2, subd. (a)(1).) A driver safety officer from the DMV later concluded, in a letter to Gustafson's attorney, that the suspension could not be lifted upon Gustafson's submittal of a municipal court minute order showing a not guilty finding on the .08 percent charge. (See Veh. Code, § 13353.2, subd. (e).)

Government Code section 800 specifies that "[i]n any civil action to appeal or review the award, finding, or other determination of any administrative proceeding . . . where it is shown that the award, finding, or other determination of the proceeding was the result of arbitrary or capricious action or conduct by a public entity or an officer thereof in his or her official capacity, the complainant if he or she prevails in the civil action may collect reasonable attorney's fees," not to exceed $7,500.

We reverse the award of attorney fees. We conclude that the driver safety officer's letter to Gustafson did not constitute a "determination of [an] administrative proceeding" for which attorney fees could be awarded under Government Code section 800.

### BACKGROUND

If a driver is suspected of driving under the influence of alcohol, the driver may be criminally prosecuted and have his or her driver's license administratively suspended. (See Veh. Code, §§ 23152, 13353.2.)

Gustafson was criminally charged with violating Vehicle Code section 23152, subdivision (a) (driving under the influence of alcohol) and subdivision (b) (driving with a blood-alcohol level of .08 percent or greater) after a police officer administered two breath tests, each of which revealed a blood-alcohol level of .08 percent. The officer had also served Gustafson with an "Administrative Per Se Order of Suspension/Revocation Temporary Driver License Endorsement," notifying Gustafson that his driver's license would be administratively suspended or revoked in 30 days and that he had a right to a presuspension administrative hearing. This administrative action was taken pursuant to Vehicle Code section 13353.2. (All further references

to undesignated statutory sections are to the Vehicle Code, except for Government Code section 800 which will be referred to as section 800.)[1]

In an administrative hearing held in August of 1995, the DMV upheld Gustafson's license suspension, finding (i) that the police officer had reasonable cause to believe Gustafson was violating section 23152, (ii) that Gustafson had been lawfully arrested, and (iii) that Gustafson had a blood-alcohol level of at least .08 percent at the time of driving.

Pursuant to a plea bargain on the section 23152, subdivision (a) criminal charge, Gustafson pleaded guilty to non-alcohol-related reckless driving. The municipal court then conducted a court trial on the section 23152, subdivision (b) charge. In a minute order, the court confirmed the non-alcohol-related plea on the section 23152, subdivision (a) charge, and noted that it had found "defendant NG [not guilty] after Court Trial to Sec[.] 23152(b) VC [Vehicle Code]."

Gustafson's attorney submitted a certified copy of this minute order to the DMV, requesting that Gustafson's suspended driver's license be reinstated immediately under the acquittal provision of section 13353.2, subdivision (e).

Driver Safety Officer Kay Cox of the DMV responded to the letter from Gustafson's attorney. Cox stated: "[T]his is not a case in which the suspension . . . can be set aside. [¶] . . . The court documentation submitted does

---

[1]Section 13353.2 provides in pertinent part:

"(a) The [DMV] shall immediately suspend the privilege of any person to operate a motor vehicle for any one of the following reasons:

"(1) The person was driving a motor vehicle when the person had 0.08 percent or more, by weight, of alcohol in his or her blood.

". . . . . . . . . . . . . . . . . . . . .

"(c) The notice of the order of suspension shall clearly specify the reason and statutory grounds for the suspension, the effective date of the suspension, the right of the person to request an administrative hearing, the procedure for requesting an administrative hearing, and the date by which a request for an administrative hearing shall be made in order to receive a determination prior to the effective date of the suspension.

". . . . . . . . . . . . . . . . . . . . .

"(e) . . . If a person is acquitted of criminal charges relating to a determination of facts under subdivision (a), . . . the [DMV] shall immediately reinstate the person's privilege to operate a motor vehicle if the [DMV] has suspended it administratively pursuant to subdivision (a), and the [DMV] shall return or reissue for the remaining term any driver's license which has been taken from the person pursuant to Section 23158.5 or otherwise. Notwithstanding subdivision (b) of Section 13558, if criminal charges under Section 23140, 23152, or 23153 are not filed by the district attorney because of a lack of evidence, or if those charges are filed but are subsequently dismissed by the court because of an insufficiency of evidence, the person has a renewed right to request an administrative hearing before the [DMV]. The request for a hearing shall be made within one year from the date of arrest."

not indicate any evidentiary court proceeding. There must be some adjudication that there is a determination of the facts to give [the DMV] the authority to set aside the [suspension]. If you have any additional documentation (i.e., transcript or other clarifying documentation) to support tha[t] an adjudication occurred in this case, please forward it immediately for us to review."

Gustafson did not submit any additional documentation to the DMV. Instead, he filed a petition for writ of mandate. The trial court granted the writ and awarded attorney fees of $1,185 to Gustafson under section 800. The court concluded that the DMV (through Cox) had acted arbitrarily and capriciously—in light of *Claxton* v. *Zolin* (1992) 8 Cal.App.4th 553 [10 Cal.Rptr.2d 319]—in refusing to reinstate Gustafson's driver's license.

## DISCUSSION

 At the outset, it is important to emphasize the narrow issue before us. We are not concerned with whether the certified copy of the minute order evinced an "acquittal" for purposes of section 13353.2, subdivision (e). Our focus is on whether Safety Officer Cox's letter response to Gustafson's submittal of the minute order constituted a "determination of [an] administrative proceeding." Since we conclude it did not, it is unnecessary for us to determine whether Cox acted in an "arbitrary or capricious" way in refusing to reinstate Gustafson's driver's license. (See *Traverso* v. *People* ex rel. *Dept. of Transportation* (1996) 46 Cal.App.4th 1197, 1211 [54 Cal.Rptr.2d 434].) Consequently, the award of attorney fees to Gustafson under section 800 must be reversed.[2]

We also note that in the trial court the DMV did not raise the issue of whether Safety Officer Cox's letter response to Gustafson's submitted minute order constituted a "determination of [an] administrative proceeding" under section 800. Instead, the DMV at trial focused on whether Cox had acted in an "arbitrary or capricious" way. Nevertheless, on appeal we can consider whether Cox's letter constituted an administrative determination because that issue involves a question of law that does not involve disputed facts. (*Panopulos* v. *Maderis* (1956) 47 Cal.2d 337, 341 [303 P.2d 738]; *Richmond* v. *Dart Industries, Inc.*, (1987) 196 Cal.App.3d 869, 879 [242 Cal.Rptr. 184].) " 'The determination of the legal basis for an award of attorney fees is a question of law which we review de novo.' " (*Childers* v. *Edwards* (1996) 48 Cal.App.4th 1544, 1547 [56 Cal.Rptr.2d 328], quoting

---

[2]In a footnote in its opening brief, the DMV notes that "71 days of suspension remain at issue here." However, the DMV has appealed only that portion of the judgment awarding attorney fees to Gustafson. Gustafson's driving privileges are not in issue in this appeal.

*Honey Baked Hams, Inc.* v. *Dickens* (1995) 37 Cal.App.4th 421, 424 [43 Cal.Rptr.2d 595].) ■■■ We now turn to section 800.

Section 800 states in pertinent part: "In any civil action to appeal or review the award, finding, or other determination of any administrative proceeding under this code or under any other provision of state law, except actions resulting from actions of the State Board of Control, where it is shown that the award, finding, or other determination of the proceeding was the result of arbitrary or capricious action or conduct by a public entity or an officer thereof in his or her official capacity, the complainant if he or she prevails in the civil action may collect reasonable attorney's fees, computed at one hundred dollars ($100) per hour, but not to exceed seven thousand five hundred dollars ($7,500), where he or she is personally obligated to pay the fees, from the public entity, in addition to any other relief granted or other costs awarded."

This court, in *Ferris* v. *Los Rios Community College Dist.* (1983) 146 Cal.App.3d 1 [194 Cal.Rptr. 16], construed the section 800 phrase "determination of [an] administrative proceeding." There, part-time instructors of a community college district were successful at trial in compelling the district to grant them status as regular employees. These instructors were also awarded attorney fees pursuant to section 800.

In reversing the award of attorney fees under section 800, the *Ferris* court stated: "The terms 'award, finding, or other determination' and the term 'administrative proceeding' imply it is not every decision of an administrative official which, on judicial review, may occasion an award of attorney's fees. We concur in the decision in *Wilkerson* v. *City of Placentia* (1981) 118 Cal.App.3d 435, 444 [173 Cal.Rptr. 294] (accord *Williams* v. *Department of Water & Power* (1982) 130 Cal.App.3d 677, 685 [181 Cal.Rptr. 868]) that Government Code section 800 is inapplicable except where review is sought of action taken as a result of an administrative hearing required or provided by law. There was none here." (146 Cal.App.3d at p. 11.)

The *Wilkerson-Ferris* view that some sort of administrative hearing (not necessarily a formal hearing) is required to trigger the fee-shifting provisions of section 800 has met with general approval. (See *Los Angeles Police Protective League* v. *City of Los Angeles* (1985) 166 Cal.App.3d 55, 65 [212 Cal.Rptr. 251]; *Traverso* v. *People* ex rel. *Dept. of Transporation, supra,* 46 Cal.App.4th at p. 1211; *Leslie's Pool Mart, Inc.* v. *Department of Food & Agriculture* (1990) 223 Cal.App.3d 1524, 1545-1546 [273 Cal.Rptr. 373]; see also *Sullivan* v. *Calistoga Joint Unified School Dist.* (1991) 228 Cal.App.3d 1313, 1319 [279 Cal.Rptr. 529]; *Kistler* v. *Redwoods Community*

*College Dist.* (1993) 15 Cal.App.4th 1326, 1336-1337 [19 Cal.Rptr.2d 417] (*Kistler*).)

One decision, however, *Forrest v. Trustees of Cal. State University & Colleges* (1984) 160 Cal.App.3d 357 [206 Cal.Rptr. 595], cautioned that the Legislature in section 800 "chose the broader term 'proceeding' rather than limiting it to a 'hearing.' " (160 Cal.App.3d at p. 367.) That is true. *Forrest* also concluded that "[t]here is no rationale for limiting section 800 to 'appeal or review' from a formal administrative hearing." (*Id.* at p. 368.) We agree. But to the extent that *Forrest* suggests, as *Kistler* characterized it, that any administrative decision might qualify for attorney fees on appeal under section 800, we decline to follow that trail. (See *Kistler, supra,* 15 Cal.App.4th at p. 1336.)

The applicability of section 800 should not be so broad that it encompasses, for example, everyday determinations made by individual building inspectors, appraisers in the assessor's office, deputies in a tax collector's officer, or officials in a personnel department. An administrative proceeding has been characterized as "an administrative process which presents an issue for hearing and disposition . . . ." (*People* ex rel. *Vestuto v. O'Conner* (1953) 351 Ill.App. 539 [115 N.E.2d 810, 813]; see also *Bowers v. New York & A. Lighterage Co.* (1927) 273 U.S. 346, 347-349 [47 S.Ct. 389, 389-390, 71 L.Ed. 676, 678].) That is certainly the tenor of the language in section 800: "award, finding, or other determination" in an "administrative proceeding."

The present case illustrates well why section 800 must be limited to an administrative hearing or a similar proceeding that presents an issue for hearing and disposition. Driver Safety Officer Cox, in a letter, responded to a letter from Gustafson's attorney. Cox explained that Gustafson's suspension could not be set aside without clarifying documentation, and she invited the submission of those documents. Gustafson did not take up the invitation but instead filed his petition for writ of mandate.

This exchange of letters was a simple, routine communication between an attorney and an administrative official, not a process presenting an issue for hearing and disposition. If Cox's letter response were deemed an administrative determination for section 800 purposes, governmental interaction would be greatly complicated, the public treasury could face shortfalls, and the courts could face an onslaught of citizens bypassing internal administrative review and seeking attorney fees for what they perceive to be arbitrary and capricious conduct on the part of individual government employees. Limiting the application of section 800 to an administrative process whereby an issue is heard and determined avoids these troubles and encourages full administrative review.

In its opening brief on appeal, the DMV acknowledges that Gustafson could have requested a DMV administrative hearing regarding his acquittal claim. Presumably, such a hearing is implicitly authorized under section 13353.2, subdivision (e), which offers the suspended licensee a renewed right to request an administrative hearing if criminal charges are not pursued for lack of evidence. *Kistler* says that section 800 generally applies where there is a right to an administrative hearing. (15 Cal.App.4th at p. 1336.) Although the DMV acknowledges that Gustafson had a right to an administrative hearing on his acquittal claim, the determinative fact here is that there never was any such hearing to trigger the applicability of section 800.

## DISPOSITION

That part of the judgment for writ of mandate awarding attorney fees to Gustafson pursuant to section 800 is reversed. In all other respects, the judgment is affirmed. All parties shall pay their own costs on appeal.

Scotland, J., and Raye, J., concurred.