[Civ. No. 17211. Fourth Dist., Div. Two. Oct. 1, 1979.]

BLAINE A. WARNER, Plaintiff and Appellant, v.
NORTH ORANGE COUNTY COMMUNITY COLLEGE
DISTRICT et al., Defendants and Respondents.

618

**COUNSEL**

Van Bourg, Allen, Weinberg & Roger and Stewart Weinberg for Plaintiff and Appellant.

Alexander Bowie, Clayton H. Parker and Spencer E. Covert, Jr., for Defendants and Respondents.

Biddle, Walters & Bukey and John L. Bukey as Amici Curiae on behalf of Defendants and Respondents.

OPINION

**TAMURA, Acting P. J.**—This is an appeal by a certificated employee of defendant North Orange County Community College District (District) from a judgment dismissing his petition for a writ of mandate following an order sustaining the District's demurrer without leave to amend. The petition sought to compel the District to reinstate plaintiff, originally employed as a part-time temporary teacher and to accord him tenured status as a part-time teacher. The teacher's petition alleges the following facts which for purposes of this appeal are taken as true: Plaintiff was employed by contract as a temporary employee at Cypress College for the spring semester of the 1972-1973 school year. He was assigned to teach two evening math courses a week, a load which constitutes seven-fifteenths of a full-time assignment. His contract as a temporary teacher was renewed each semester without interruption until the commencement of the fall semester of the 1975-1976 school year. On September 11, 1975, plaintiff arrived at school to commence those classes that he was assigned in the "Fall Schedule" but was orally informed that the listings were in error and that his services were no longer required. On September 12, plaintiff received a letter from the college dated September 3 telling him that his name had been listed in the fall schedule by mistake. The petition further alleged that he was not given notice of his termination nor advised of his right to a hearing to determine whether his dismissal was justified. The petition prayed that plaintiff be reinstated as a tenured employee at the level of seven-fifteenths of a full-time assignment and that he receive back pay for the time he was wrongfully dismissed.

The trial court issued an alternative writ directing that defendants reinstate plaintiff or in the alternative show good cause why plaintiff should not be granted relief. Defendants filed a general demurrer and an answer to the alternative writ. After hearing on the demurrer and order to show cause, the matter was taken under submission. The court issued a minute order which stated that on the basis of the final paragraph of former Education Code section 13337.5,[1] the general demurrer

---

[1] Unless indicated otherwise, all references are to the Education Code. Note that the Education Code has been entirely reorganized and its sections renumbered. (Stats.

would be sustained without leave to amend, the alternative writ would be discharged, and the petition would be dismissed with prejudice. A judgment was duly prepared and entered and it is from this judgment that plaintiff now appeals.

Because the language of section 13337.5 is central to this appeal, we set it forth in its entirety:

"Notwithstanding the provisions of Section 13337, the governing board of a school district maintaining a community college may employ as a teacher in grade 13 or grade 14, for a complete school year but not less than a complete semester or quarter during a school year, any person holding appropriate certification documents, and may classify such person as a temporary employee. The employment of such persons shall be based upon the need for additional certificated employees for grades 13 and 14 during a particular semester or quarter because of the higher enrollment of students in those grades during that semester or quarter as compared to the other semester or quarter in the academic year, or because a certificated employee has been granted leave for a semester, quarter, or year, or is experiencing long-term illness, and shall be limited, in number of persons so employed, to that need, as determined by the governing board.

"Such employment may be pursuant to contract fixing a salary for the entire semester or quarter.

"No person shall be so employed by any one district for more than two semesters or quarters within any period of three consecutive years.

"Notwithstanding any other provision to the contrary, any person who is employed to teach adult or community college classes for not more than 60 percent of the hours per week considered a full-time assignment for permanent employees having comparable duties shall be classified as a temporary employee, and shall not become a probationary employee under the provisions of Section 13446."

The District and the trial court both rely on the final paragraph of section 13337.5 as authorizing employment of teachers on a temporary basis without such teachers acquiring tenure by operation of other provisions of the Education Code. (E.g., § 13346.30.) It is the District's

---

1976, operative Apr. 30, 1977.) For all parties' convenience, the former code section numbers are used throughout this opinion.

position that the two semester-quarter limitation expressed in paragraph three applies only to teachers hired under authority of paragraph one and that it does not affect temporary teachers hired pursuant to paragraph four of section 13337.5 (60 percent or less employees).

Plaintiff's position is that paragraph three restricts the power of the District to hire any temporary certificated employee for a period not to exceed two semesters or quarters within three consecutive years. Consequently, it is plaintiff's contention that when he commenced his third consecutive semester of "temporary" employment, he assumed the status of a contract (probationary) employee (§ 13334)[2] and, therefore, could not be terminated without notice and hearing (§§ 13346.30, 13346.32). Plaintiff further argues that since the District failed to comply with the notice-hearing requirements, plaintiff became a permanent employee by operation of section 13346.30[3] at the level of seven-fifteenths of a full-time assignment. Plaintiff also contends that the District was estopped from not employing him during the fall of 1975 because he relied on such employment in turning down an offer for employment at another college.

## DISCUSSION

After the filing of this appeal, our Supreme Court decided the issue now before us in *Peralta Federation of Teachers* v. *Peralta Community College Dist.*, 24 Cal.3d 369 [155 Cal.Rptr. 679, 595 P.2d 113]. In *Peralta,* as in the case at bench, plaintiffs' employment as "temporary" teachers complied with the provisions of neither paragraph one nor paragraph three of section 13337.5. Justification for their continued temporary status thus depended upon whether the fourth paragraph of

[2]Effective September 1, 1972, section 13345.10 changed the designation of probationary employees to contract employees. A probationary employee in his first year of service is a contract I employee, in his second year of service he is a contract II employee. At the close of an employee's second year of service as a contract employee, the governing board must decide whether to grant him permanent status or to let him go. (§ 13346.25.)

[3]Section 13346.30 provides: "The governing board shall give written notice of its decision under Section 13346.20 and the reasons therefor to the employee on or before March 15 of the academic year covered by the existing contract. Failure to give the notice as required to a contract employee under his first contract shall be deemed an extension of the existing contract without change for the following academic year. The governing board shall give written notice of its decision under Section 13346.25 and the reasons therefor to the employee on or before March 15 of the academic year covered by the existing contract. Failure to give the notice as required to a contract employee under his second consecutive contract shall be deemed a decision to employ him as a regular employee for all subsequent academic years."

section 13337.5 applied to plaintiffs despite noncompliance with paragraphs one and three. (*Id.,* at p. 378.) Defendant argued that the fourth paragraph's independent application was clear from section 13337.5's language; plaintiffs contended that the fourth paragraph was not meant for independent application, based on their interpretations of the legislative history of section 13337.5 and of three cases—*Balen v. Peralta Junior College Dist.,* 11 Cal.3d 821 [114 Cal.Rptr. 589, 523 P.2d 629]; *Coffey v. Governing Board,* 66 Cal.App.3d 279 [135 Cal.Rptr. 881], and *Ferner v. Harris,* 45 Cal.App.3d 363 [119 Cal.Rptr. 385]. (*Peralta Federation of Teachers v. Peralta Community College Dist., supra,* 24 Cal.3d 369, 378-381.)

Our Supreme Court agreed with the *Peralta* defendant's interpretation of the language of section 13337.5: "Words in the fourth paragraph support the contention. Unlike the first three paragraphs, the fourth paragraph (1) states it is operative '[n]otwithstanding any other provision to the contrary,' (2) applies not only to community college instruction but also to adult classes at lower grade levels, (3) applies only to employees assigned to teach not over 60 percent of full time, and (4) makes the classification as a temporary employee, and the limitation on becoming probationary, mandatory rather than permissive. In contrast to the fourth paragraph's expressions of self-containment and command, the words of the first three paragraphs are permissive. They impose no conditions on the fourth. Thus the section's first sentence simply permits temporary employment of community college teachers, and each succeeding sentence of the first three paragraphs contains words that limit its operation to the *previously described* employment: 'employment of such persons'; '[s]uch employment'; '[n]o person shall be so employed.'" (*Id.,* at pp. 378-379; original italics.)

The *Peralta* court found plaintiffs' contentions to be without merit. It concluded that section 13337.5's legislative history confirmed the independent operation of the fourth paragraph. To the extent that *Coffey v. Governing Board, supra,* 66 Cal.App.3d 279, and *Ferner v. Harris, supra,* 45 Cal.App.3d 363, disagreed with its holding in *Peralta,* the court disapproved these opinions. Finally, the court clarified its holding in *Balen v. Peralta Junior College Dist., supra,* 11 Cal.3d 821, stating that the independent application of paragraph four was implicit in the *Balen* decision. (*Peralta Federation of Teachers v. Peralta Community College Dist., supra,* 24 Cal.3d 369, 379-381.) The court also concluded that section 13337.5, enacted in 1967, could not be applied retroactively.

■ Applying *Peralta* to the instant case, we must conclude that plaintiff, a "60 percent or less" temporary employee initially hired in 1972, was within the purview of section 13337.5, paragraph four, and thus was entitled neither to the status of a contract (probationary) employee pursuant to section 13334, nor to the notice and hearing which must be accorded to such employees under sections 13346.30 and 13346.32.

Plaintiff nevertheless contends that *Peralta* does not foreclose his appeal since he is entitled to probationary status under an Education Code section other than section 13446. Plaintiff points out that in *Peralta* the Supreme Court held that section 13337.5 mandates only that a less than 60 percent teacher must be *initially* classified as a temporary employee and does not preclude a subsequent change from temporary to probationary or other status, *except* that the change cannot take place under the provisions of section 13446. (*Id.,* at p. 381.) The court could find no other statute under which the *Peralta* plaintiffs qualified for a change in status. Plaintiff argues, however, that in the case at bench sections 13328, 13328.5, 13336, 13336.5 and 13337.3 provide the basis for a subsequent change to probationary status not prohibited by section 13337.5.

Sections 13336 and 13337.3[4] mandate that persons employed as temporary employees for "one complete school year" shall be reclassified as

---

[4]Section 13336 provides: "Except as provided in Sections 13337.3 and 13337.5, governing boards of school districts shall classify as substitute employees those persons employed in positions requiring certification qualifications, to fill positions of regularly employed persons absent from service.

"After September 1 of any school year, the governing board of any school district may employ, for the remainder of the school year, in substitute status any otherwise qualified person who consents to be so employed in a position for which no regular employee is available, including persons rehired for service under the State Teachers' Retirement System. Inability to acquire the services of a qualified regular employee shall be demonstrated to the satisfaction of the Commission for Teacher Preparation and Licensing.

"Any person employed for one complete school year as a temporary employee shall, if reemployed for the following school year in a position requiring certification qualifications, be classified by the governing board as a probationary employee and the previous year's employment as a temporary employee shall be deemed one year's employment as a probationary employee for purposes of acquiring permanent status."

Section 13337.3 provides: "Notwithstanding the provisions of Sections 13336 and 13337, the governing board of a school district may employ as a teacher, for a complete school year, but not less than one semester during a school year unless the date of rendering first paid service begins during the second semester and prior to March 15th, any person holding appropriate certification documents, and may classify such person as a temporary employee. The employment of such persons shall be based upon the

probationary employees if rehired for the following year, while section 13336.5,[5] repealed in 1976, mandated that temporary employees doing

need for additional certificated employees during a particular semester or year because a certificated employee has been granted leave for a semester or year, or is experiencing long-term illness, and shall be limited, in number of persons so employed, to that need, as determined by the governing board.

"Any person employed for one complete school year as a temporary employee shall, if reemployed for the following school year in a vacant position requiring certification qualifications, be classified by the governing board as a probationary employee and the previous year's employment as a temporary employee shall be deemed one year's employment as a probationary employee for purposes of acquiring permanent status.

"For purposes of this section 'vacant position' means a position in which the employee is qualified to serve and which is not filled by a permanent or probationary employee. It shall not include a position which would be filled by a permanent or probationary employee except for the fact that such employee is on leave."

[5]Section 13336.5, repealed by Statutes 1976, chapter 1011, operative April 30, 1977, provides: "Any employee classified as a substitute or temporary employee, who serves during one school year for at least 75 percent of the number of days the regular schools of the district were maintained in such school year and has performed the duties normally required of a certificated employee of the school district, shall be deemed to have served a complete school year as a probationary employee if employed as a probationary employee for the following school year.

"Any such employee shall be reemployed for the following school year to fill any vacant positions in the school district for which the employee is certified and qualified to serve.

"For purposes of this section, 'qualified to serve' shall be defined to mean the possession of an appropriate credential plus completion of appropriate academic preparation or experience in the subject matter in which the vacant position occurs.

"For purposes of this section, 'vacant position' means a position in which the employee is qualified to serve and which is not filled by a permanent or probationary employee. It shall not include a position which would be filled by a permanent or probationary employee except for the fact that such employee is on leave.

"Any employee classified as a substitute or temporary employee who has rendered the service required to qualify under this section but who has not been reemployed due to a lack of a vacant position shall be reemployed as a substitute or temporary employee for the following school year.

"In any district in which appointments are made from eligible lists established by examination, special eligible lists shall be established at the end of each school year which consist of the names of those employees who met the requirements of this section. Such lists shall be in rank order based on the final scores established by examination. Such lists shall be valid for at least two school years. Offers for appointments to probationary status during the ensuing school year shall be made from such special eligible lists established by examination; provided, however, permanent or probationary employees terminated during the preceding 39 months pursuant to Section 13447, shall be given priority in employment over persons on such special eligible lists.

"Those employees classified as substitutes, and who are employed to serve in an on-call status to replace absent regular employees on a day-to-day basis shall not be entitled to the benefits of this section.

"Permanent and probationary employees subjected to a reduction in force pursuant to Section 13447 shall, during the period of preferred right to reappointment, have prior rights to any vacant position in which they are qualified to serve superior to those rights hereunder afforded to temporary and substitute personnel who have become probationary employees pursuant to the provisions of this section."

certificated duties for "75 percent of the school year days" be reclassified as probationary employees if rehired. Sections 13328 and 13328.5[6] provide that a probationary employee who has served "75 percent of the number of days" or "75 percent of the number of hours" considered a full-time assignment shall be deemed to have served "a complete school year." The right of a temporary employee such as plaintiff to be reclassified as a probationary teacher pursuant to these statutes thus hinges on the meaning given to the phrases "75 percent of the number of days" and "75 percent of the number of hours."

Plaintiff argues that a temporary teacher can qualify for reclassification *either* by working 75 percent of the total number of hours a full-time teacher would work, *or* by working 75 percent of the number of days a full-time teacher would work. Thus, a temporary teacher who taught one hour three nights per week, while a full-time teaching load consisted of four hours four nights per week, would have worked 75 percent of the days a full-time teacher worked and would qualify for reclassification to probationary status. Plaintiff maintains that our Supreme Court did not decide the meaning of these phrases in *Peralta Federation of Teachers* v. *Peralta Community College Dist., supra,* 24 Cal.3d 369, and urges us to accept his interpretation and to allow him the opportunity to amend his complaint to state a cause of action under this theory.

The *Peralta* plaintiffs did not claim to have met the 75 percent requirements (*id.,* at p. 383). The Supreme Court, however, commented that it did not see how those requirements could be met by a 60 percent or less employee. The court noted that it believed the intent of the Legislature was that "a standard of 75 percent of full-time hours" to qualify as a probationary employee was implicit in the phrase "75 percent of school-year days," so that a temporary employee could not be reclassified unless he or she had actually served 75 percent of the hours

[6]Section 13328 provides: "A probationary employee who, in any one school year, has served for at least 75 percent of the number of days the regular schools of the district in which he is employed are maintained shall be deemed to have served a complete school year. In case of evening schools, 75 percent of the number of days the evening schools of the district are in session shall be deemed a complete school year."

Section 13328.5 provides: "Notwithstanding Section 13328, a probationary employee employed by a community college district or a community college maintained by a unified or high school district who, in any school year consisting of two semesters or three quarters, has served more than 75 percent of the number of hours considered as a full-time assignment for permanent employees having similar duties in the community colleges of the district in which he is employed, shall be deemed to have served a complete school year."

required of a full-time employee. (*Id.*, at p. 383, fn. 5.) The court cited with approval *Vittal* v. *Long Beach Unified Sch. Dist.,* 8 Cal.App.3d 112, 119, 121 [87 Cal.Rptr. 319], in which sections 13328 and 13328.5 were construed to mean that a teacher must teach 75 percent of the *hours* of a full-time load in order to be reclassified to probationary status. (*Id.*) ■ In light of the court's comments and its favorable mention of *Vittal,* we must conclude that a person who teaches 75 percent of the school year days, but less than 75 percent of the full-time teaching hours cannot qualify under sections 13328, 13328.5, 13336, 13336.5 or 13337.3 for reclassification to probationary status. Since plaintiff has alleged that he taught less than 60 percent of the hours required of a full-time employee, he cannot state a cause of action under these statutory provisions.

■ Plaintiff also maintains that he should have been rehired for at least the 1975 school year because he relied on being rehired to his detriment, so that the District was estopped from denying him employment. He points out that he was listed in the college catalog as a teacher for the fall semester, that he had been hired to teach at the college for the previous five semesters, and that he turned down an offer of a job at another college in reliance on employment by defendant District. As we explain below, we conclude that plaintiff's pleadings were sufficient to state a cause of action on the theory of equitable estoppel.

■ "The elements which must be present in order to invoke equitable estoppel are: '(1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury.' (*Driscoll* v. *City of Los Angeles, supra,* 67 Cal.2d 297, 305 [61 Cal.Rptr. 661, 431 P.2d 245].)" (*Crumpler* v. *Board of Administration,* 32 Cal.App.3d 567, 581 [108 Cal.Rptr. 293].) ■ In the case at bench, plaintiff has alleged facts sufficient to show that defendant District knew that he was not to be rehired, that defendant District conducted itself (by listing plaintiff's name in the catalog) so that plaintiff had a right to believe the District intended to rehire him, that plaintiff did not know he was not to be rehired, and that he relied on being rehired in turning down another offer of employment. Consequently, plaintiff should be allowed to proceed to trial on the limited issue of whether the college district was estopped from denying plaintiff employment as a temporary teacher for the fall semester of 1975.

At oral argument defendant District maintained that plaintiff could not seek compensation based upon the theory of equitable estoppel in a petition for mandamus—that this issue should have been raised in a lawsuit for breach of contract. We note however that in his original petition plaintiff sought reinstatement, pay and benefits to which he would have been entitled had he been rehired and other relief. Mandamus is obviously the appropriate posture for a request that a teacher be reinstated to a teaching position in a college district. (See, e.g., Code Civ. Proc., § 1085; *Middaugh* v. *Board of Trustees,* 45 Cal.App.3d 776 [119 Cal.Rptr. 826]; *Daugherty* v. *Board of Trustees,* 111 Cal.App.2d 519 [244 P.2d 950].) Although it would be inappropriate to order plaintiff reinstated for a semester's work after four years have elapsed, he should not be precluded from seeking damages for the loss of that semester's employment. Damages may appropriately be awarded in mandamus proceedings. (Code Civ. Proc., § 1095; *Adams* v. *Wolff,* 84 Cal.App.2d 435 [190 P.2d 665]; see *Daugherty* v. *Board of Trustees, supra,* 111 Cal.App.2d 519; *Colthurst* v. *Fitzgerald,* 56 Cal.App. 740 [206 P.471].)

The judgment is reversed insofar as it precludes plaintiff from proceeding to trial on a cause of action for damages on the theory of equitable estoppel for the loss of employment for the fall semester of 1975 only. In all other respects, the judgment is affirmed. Each side shall bear its own costs on appeal.

Kaufman, J., and McDaniel, J., concurred.