[Civ. No. 22447. Fourth Dist., Div. One. Mar. 22, 1982.]

PHILIP J. ROONEY, Plaintiff and Appellant, v.
SAN DIEGO COMMUNITY COLLEGE DISTRICT et al.,
Defendants and Appellants.

COUNSEL

Asaro & Keagy and Patrick J. Olmstead for Plaintiff and Appellant.

Donald L. Clark, County Counsel, Lloyd M. Harmon, Jr., Chief Deputy County Counsel, and Phillip L. Kossy, Deputy County Counsel, for Defendants and Appellants.

OPINION

MALKUS, J.* —Philip J. Rooney petitioned for a writ of mandate in the superior court directed to the San Diego Community College District (District) and its governing personnel. Rooney completed 23 years of active military service in the United States Navy before starting to work for the District beginning with the 1969-1970 school year. He has worked for the District since that time, first as a substitute instructor, becoming a part-time temporary instructor, then a part-time contract or probationary instructor and finally a full-time permanent or contract instructor. Rooney seeks reclassification of his employment status for the 1972-1973 school year from part-time temporary to part-time contract or probationary and a determination of salary differential due him from the date he acquired that status.

*Assigned by the Chairperson of the Judicial Council.

In 1976, Rooney administratively requested reclassification as a part-time contract or probationary instructor starting with the 1972-1973 school year. In response to this request, the District reclassified Rooney as a part-time contract or probationary instructor retroactive to the start of the 1973-1974 school year and paid him back salary in the sum of $6,802.

In his petition for writ of mandate, Rooney asked for reclassification for one school year earlier than administratively agreed to by the District and, as part of the determination of salary differential, for credits and advancements on the District's salary schedule by reason of his active military service.

The trial court issued a writ of mandate commanding the District to classify Rooney as a part-time contract or probationary teacher for the 1972-1973 school year; to classify Rooney as a part-time regular or permanent teacher beginning with the 1974-1975 school year; to credit Rooney for his military service pursuant to the applicable salary schedule as of the commencement of the 1972-1973 school year for the purpose of initial salary schedule placement; and to pay to Rooney compensation commensurate with his classification and status as determined by the court with credit for monies previously paid to him.

█ Rooney appeals the trial court's determination of compensation due him while the District appeals the trial court's ordering of Rooney to be reclassified as a part-time contract or probationary teacher as of the commencement of the 1972-1973 school year and the awarding of monetary relief to Rooney from the commencement of the 1972-1973 school year.

The principal issue for our consideration is whether the trial court ruled correctly in reclassifying Rooney as a part-time contract or probationary employee beginning with the 1972-1973 school year.

The evidence is undisputed. Rooney's regularly assigned teaching hours during the fall semester of the 1972-1973 school year did not exceed 60 percent of the classroom teaching portion of a full-time assignment. Similarly, the evidence is without dispute Rooney's regularly assigned teaching hours during the spring semester of the 1972-1973 school year did exceed 60 percent of the classroom teaching portion of a full-time assignment. The importance of these facts to our decision must be underscored.

Section 87482 of the Education Code provides community college districts may employ certain instructors as temporary employees pursu-

ant to contract fixing a salary for the entire semester or quarter, provided no person shall be employed as a temporary employee by any one district for more than two semesters within any period of three consecutive years.[1]

The fourth paragraph of this section makes an exception for temporary instructors who are employed to teach adult or community college classes for not more than 60 percent of the hours per week considered a full-time assignment for regular employees having comparable duties. Such temporary instructors shall not become contract employees under the provisions of section 87604 and may be so employed for more than two semesters within any period of three consecutive years.[2] The district must classify such instructors as temporary employees. (§ 87482.)

During the spring semester of the 1972-1973 school year, Rooney taught classes in excess of 60 percent of the hours per week considered a full-time assignment for regular employees. Paragraph four of section 87482 does not specify whether the 60 percent limitation is based on the annual teaching load of the employee or a semester by semester breakdown. We conclude paragraph four required the District to classify Rooney as a temporary employee because his weekly teaching load, calculated on the basis of the entire school year, did not exceed 60 percent of the full-time assignment of regular employees. Rooney's contract with the District covered the entire school year—September 11, 1972, through June 8, 1973. In addition, section 87482, paragraph four provides for a comparison of the full-time assignment of a regular employee with the workload of a temporary instructor. A regular employee with a full-time assignment works pursuant to an annual contract. For purposes of calculating whether a temporary instructor

---

[1] All statutory references are to the Education Code as recodified effective April 30, 1977, unless otherwise specified

[2] Section 87604 provides: "The governing board of a community college district shall employ each certificated person as one of the following: contract employee, regular employee, or temporary employee."

When the Legislature recodified the Education Code in 1976, it also amended former section 13337.5 (recodified as § 87482). The former statute provided that any person employed to teach "for not more than 60 percent of the hours per week considered a full-time assignment ... shall not become a probationary employee under the provisions of section 13446." Former section 13446 stated in pertinent part: "A temporary employee who is not dismissed during the first three months ... of the school term for which he was employed ... shall be deemed to have been classified as a probationary employee from the time his services as a temporary employee commenced."

The statutes applicable to Rooney's request for reclassification for the 1972-1973 school year are former sections 13337.5 and 13446. However, the language at issue in Rooney's case, "not more than 60 percent of the hours per week considered a full-time assignment," is the same in both former section 13337.5 and present section 87482.

taught 60 percent of the hours per week considered a full-time assignment for regular employees, an annual basis is appropriate also.[3]

In view of the fact Rooney was employed by the District for the 1972-1973 school year to teach adult or community college classes for not more than 60 percent of the hours per week considered a full-time assignment for regular employees having comparable duties, he was properly classified as a temporary employee. (*Peralta Federation of Teachers* v. *Peralta Community College Dist.* (1979) 24 Cal.3d 369 [155 Cal.Rptr. 679, 595 P.2d 113], cert. den., 444 U.S. 966 [62 L.Ed.2d 379, 100 S.Ct. 455]; *Warner* v. *North Orange County Community College Dist.* (1979) 99 Cal.App.3d 617 [161 Cal.Rptr. 1].)[4]

■ Rooney also contends the trial court erred in calculating his entitlement to back pay. The District did not appeal the trial court's reclassification of Rooney as a contract (probationary) employee beginning with the 1973-1974 school year. We therefore must consider Rooney's claims regarding calculation of back pay beginning with the fall term, 1973.

The court determined former section 13503.1 governed calculation of Rooney's back pay. This statute provides: "Any person employed by a district in a position requiring certification qualifications who serves less than the minimum schoolday as defined in Sections 11003 to 11008, inclusive, or 11052 may specifically contract to serve as a part-time employee. In fixing the compensation of part-time employees, governing boards shall provide an amount which bears the same ratio to the

---

[3] Rooney also claims he is entitled to contract pay for hours he spent substitute teaching during any school year for which he is reclassified as a contract teacher. We conclude the stipulation he entered into at trial resolves this issue. The parties stipulated an instructor with probationary or contract status who performs substitute duties in addition to his regular teaching duties would be paid at the hourly rate commensurate with his probationary or contract status. On remand, the trial court is directed to determine whether the $6,802 the District previously paid Rooney included back pay at the hourly rate for a contract or probationary teacher for substitute duties he performed during the 1973-1974, 1974-1975 and fall semester of the 1975-1976 school years.

[4] The trial court relied on *Coffey* v. *Governing Board* (1977) 66 Cal.App.3d 279 [135 Cal.Rptr. 881], in its determination that Rooney was entitled to be classified as a part-time (probationary) teacher as of the commencement of the 1972-1973 calendar year. The Supreme Court in *Peralta*, upon which our decision is based, specifically disapproved the *Coffey* decision and held, as we do now, the fourth paragraph of section 87482 is applicable independently of the others. In *Peralta*, the court stated that the restrictions paragraph four of former section 13337.5 imposes on classifying as other than temporary a teacher who teaches no more than 60 percent of a full-time assignment apply only to the initial classification. These restrictions do not preclude any subsequent change from temporary status. They also do not bar a change of status based on statutes other than that specified in paragraph four. Rooney does not claim he is entitled to reclassification based on other statutes, however.

amount provided full-time employees as the time actually served by such part-time employees bears to the time actually served by full-time employees of the same grade or assignment. This section shall not apply to any person classified as a temporary employee under Section 13337 and 13337.5, or any person employed as a part-time employee above and beyond his employment as a full-time employee of the same school district."

Rooney says the court erred in refusing to include hours he spent advising students and attending meetings in its calculation of the amount of time he served compared to the amount of time served by regular or full-time contract employees.

In a recent case interpreting the term "time actually served" as used in section 13503.1, the Supreme Court concluded to calculate "time actually served" required "consideration of the total amount of time spent by part and full-time teachers in connection with their teaching." (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 702 [170 Cal.Rptr. 817, 621 P.2d 856].) In that case the issue was whether the term "time actually served" referred to classroom hours only or also included time spent outside of the classroom. Although the court concluded the term encompassed time spent outside the classroom, it did not define which outside activities were relevant in determing how many hours a part-time teacher spent "in connection with" teaching.

The District argues Rooney is entitled to back pay only for duties he was required to perform and states he was required to teach and prepare for class but not to attend meetings and counsel students. We conclude *California Teachers Assn.* does not mandate compensating a part-time teacher for hours spent on voluntary tasks. The trial court correctly denied such compensation here.

### Disposition

Judgment reversed in part and remanded for proceedings in accordance with this decision.

Staniforth, Acting P. J., and Wiener, J., concurred.

A petition for a rehearing was denied April 20, 1982, and the opinion was modified to read as printed above. The petition of plaintiff and appellant for a hearing by the Supreme Court was denied June 9, 1982.