[Civ. No. 28730. Fourth Dist., Div. One. Oct. 18, 1984.]

PAUL G. McGUIRE, Plaintiff and Respondent, v.
GOVERNING BOARD OF SAN DIEGO COMMUNITY
COLLEGE DISTRICT, Defendant and Appellant.

872

COUNSEL

Lloyd M. Harmon, Jr., County Counsel, Howard P. Brody, Chief Deputy County Counsel, and Barbara B. Baird, Deputy County Counsel, for Defendant and Appellant.

Knutson, Tobin, Meyer & Shannon and John S. Meyer for Plaintiff and Respondent.

OPINION

GAMER, J.\*—This is an appeal from the judgment of the court granting a writ of mandate ordering the Governing Board of the San Diego Community College District to reclassify Paul G. McGuire as a tenured employee.

FACTS

Petitioner and respondent Paul Gerald McGuire was hired by the San Diego Community College District (District) to teach class nine hours weekly in mathematics for the spring semester 1977. A teaching certificate was required for the position. A full-time teaching load is 15 classroom hours a week in the District; thus, McGuire taught 60 percent of a full-time teaching assignment in the spring 1977 semester. Thereafter, he taught 6 hours per week, or 40 percent of a full-time class load through the spring semester 1979.

In addition, for all but one of the semesters between spring 1977 and spring 1979, McGuire was separately employed by the District under the different name of Hilary McGuire as a master tutor in a program known as the independent learning center at city college.[1] This tutoring job required a credential for the spring semester of 1979 due to demands imposed by the fund out of which the tutor was paid. During other semesters, a credential was not required to hold the position. The wage and salary administrator for the District testified tutoring was a noncertified function. Nevertheless, McGuire was paid as a certificated employee retroactive to the commencement of his employment after initial payment at a "classified" rate.

His duties as a tutor were to provide assistance to students who were regularly enrolled in District mathematics courses and who came to him for help with questions relating to the courses they were taking. Furthermore, McGuire was required to keep records indicating what topics were covered with which students. McGuire did not plan a course syllabus, prepare for individual sessions or evaluate a student's progress by awarding a grade or credit. He was not responsible for student attendance, student conduct or determining a course content. He did not hold office hours or undertake other administrative duties of a full-time faculty member. Students who came to the center were having problems with their regularly scheduled

---

\*Assigned by the Chairperson of the Judicial Council.

[1] McGuire tutored 229 hours at the center during the spring semester 1977; he tutored 80 hours during the fall semester 1977, 132 hours during spring semester 1978, and 116 hours during the spring semester 1979. The person who hired him as a tutor knew him only as Hilary and not as Paul Gerald McGuire. Thus, the fact one and the same person was working as a tutor as well as a teacher was not immediately apparent.

classes and it was these individual problems that determined the help given. Most of the other tutors at the center were students themselves.

 McGuire argues his duties as master tutor were comparable to his duties as an instructor and thus he was assigned duties which constituted more than 60 percent of a comparable full-time teaching assignment for 4 semesters over a 3-year period. He states tenure must be given to him by operation of law because he had exceeded the 60 percent limit and therefore was not properly classified as "temporary" under Education Code[2] section 87482 but was instead a "contract" employee whose employment was not terminated at the end of two years.

The District, however, classified McGuire as a temporary employee, defined in section 87482, which provides in pertinent part: "Notwithstanding any other provision to the contrary, any person who is employed to teach adult or community college classes for not more than 60 percent of the hours per week considered a full-time assignment for regular employees having comparable duties shall be classified as a temporary employee, and shall not become a contract employee under the provisions of Section 87604." McGuire was refused tenure. The issue for our consideration is whether the trial court ruled correctly in reclassifying McGuire as a tenured employee.

## Discussion

A general discussion of relevant Education Code sections is helpful to understand the parties' positions. The code authorizes community college districts to hire certificated employees in any of three categories: "regular" (permanent); "contract" (probationary); and "temporary." (§§ 87602, 87604.)

A "regular" employee is commonly referred to as one who has achieved tenure. "Contract" status is the first step toward tenure. If a contract employee is working under his first contract, the district governing board has three options for the next year: (a) not to enter into a contract for a second academic year, (b) enter a contract for a second year, or (c) grant permanent or tenured status. If the district chooses to keep the employee in a probationary or contract status for the second year, at the end of that year the district has only two choices: to grant permanent status or not to grant such status and terminate the teacher's employment. The district's decision is discretionary and subject only to limited judicial review (§ 87609).

 A "temporary" employee, on the other hand, may continue to teach year after year provided each year the employee teaches not more than 60

---

[2]All statutory references are to the Education Code unless otherwise specified.

percent of a full-time assignment (*Peralta Federation of Teachers* v. *Peralta Community College Dist.* (1979) 24 Cal.3d 369, 381 [155 Cal.Rptr. 679, 595 P.2d 113]). The overriding policy consideration is to give the district maximum flexibility in classifying newly hired teachers while preventing an exploitation of temporary instructors who carry the equivalent of a full-time teaching load without any of the benefits of tenured status. Teachers are to be afforded a measure of employment security (*Kalina* v. *San Mateo Community College Dist.* (1982) 132 Cal.App.3d 48, 54 [183 Cal.Rptr. 12]).

Turning to the specific language of section 87482 defining a temporary employee, it speaks of a person "who is employed to teach adult or community college classes for not more than 60 percent of the hours per week considered a full-time assignment." We conclude the statute means what it says and the proper measure in determining whether the 60 percent limit is exceeded is the number of hours the person seeking tenure spends teaching classes compared to the number of hours per week a regular fully assigned employee spends on comparable duties. The statutory language emphasizes the teaching of classes. A reference in the statute to "employees having comparable duties" refers back to this teaching of adult or community college classes and follows that emphasis.

In *Rooney* v. *San Diego Community College Dist.* (1982) 129 Cal.App.3d 977 [181 Cal.Rptr. 464], the court, in determining whether the 60 percent limit had been exceeded, examined the employee's regularly assigned teaching hours to see if these hours exceeded 60 percent of the classroom teaching portion of a full-time assignment (*id.* at p. 981). Similarly, the court in *Kalina* v. *San Mateo Community College Dist.*, *supra*, 132 Cal.App.3d 48, 51, also discussed the 60 percent limit of section 87482 in terms of the number of units taught, with 15 units considered a full-time assignment.

McGuire never contended he taught more than 60 percent of a full-time teaching assignment measured in actual teaching hours and, in fact, admitted, for the majority of the time period in question, he taught no more than 40 percent of the hours per week considered a full-time assignment. Instead, he asked the court to equate one hour of tutoring an individual or sitting in the learning center waiting for an individual to tutor with one hour of teaching a class. The evidence does not support his argument. The evidence shows the extra work McGuire did was not comparable to teaching a class. There is some similarity: both instructors and tutors do in fact provide individual students with assistance in particular areas where the students are experiencing problems. This, however, is the tutor's only duty, while the teacher carries the full range of responsibility for educating and later evaluating the student in a particular area. A teacher must have a credential, whereas a tutor generally need not have one. To say the tutor is the equiv-

alent of one who teaches a class is to render meaningless both the statutory scheme and the common sense distinction between teaching a class and tutoring a student. It ignores the plain language of section 87482.

We conclude McGuire is not entitled to tenure.[3] The judgment of the court is reversed with directions to enter judgment for the District.

Work, Acting P. J., and Butler, J., concurred.

---

[3]In light of this conclusion, we need not rule on other issues raised. We find, however, based on the record before us, the trial court's failure to sustain the District's demurrer on the ground the proceeding was barred by the statute of limitations (Code Civ. Proc., § 338, subd. 1) is correct. The petition did not show on its face the action was barred and District did not obtain a direct ruling on the point at any later time as the trial court permitted.