[No. A028415. First Dist., Div. Four. Mar. 12, 1986.]

BERKELEY FEDERATION OF TEACHERS, LOCAL 1078, AFT, AFL-CIO et al., Plaintiffs and Respondents, v.
BERKELEY UNIFIED SCHOOL DISTRICT et al.,
Defendants and Appellants.

**COUNSEL**

Richard J. Moore, County Counsel, and William E. Rundstrom, Deputy County Counsel, for Defendants and Appellants.

Van Bourg, Weinberg, Roger & Rosenfeld and Stewart Weinberg for Plaintiffs and Respondents.

**OPINION**

**SABRAW, J.**—Berkeley Unified School District (District) and the Governing Board of the Berkeley Unified School District (Governing Board) appeal from a judgment ordering the issuance of a peremptory writ of mandate directing them to reclassify respondent Nancy Edwards as a probationary

teaching employee of the District. Respondent Berkeley Federation of Teachers, Local 1078, AFT, AFL-CIO (the Union), joined with Edwards in bringing the petition for writ of mandate which resulted in the judgment. The issue presented is whether a school district is required to analyze the workload of a teacher on a semester basis or on a school year basis for purposes of classifying the teacher pursuant to Education Code section 44887. We hold, on the facts of this case, that the District was permitted to view Edwards' workload on a school year basis and, therefore, reverse the judgment.

## I. *The Facts and Procedure*

As is common in the superior courts, this matter was heard on declarations and documentary evidence without oral testimony. The evidence before the trial court consisted of the verified petition, the verified response, the declaration of Richard E. Endsley, director of certified personnel for the District, and the declaration of respondents' counsel which authenticated a series of letters between him and Mr. Endsley.[1] It should be noted at the outset that the trial court did not have the benefit of the necessary definitive evidence concerning the length of the employment contract. As will be seen this missing evidence was critical to our decision on appeal and accounts for the reversal.

Edwards was originally employed by the District during the 1975-1976 school year and since the 1977-1978 school year she has been continuously employed by the District as a "temporary," i.e., "hourly" adult school teacher. The pleadings and evidence before the trial court were not reasonably susceptible of any meaningful inference concerning the length or duration of Edwards' contract with the District for the 1982-1983 school year in question. Her contract was never made part of the record below. ■ We have the authority, in such a situation, to offer the parties the opportunity to submit additional evidence, such as the contract in question, to aid our resolution. Code of Civil Procedure section 909 provides in relevant part: "In all cases where the trial by jury is not a matter of right . . . the reviewing court may make factual determinations contrary to or in addition to those made by the trial court. . . . The reviewing court may . . . take additional evidence of or concerning facts occurring at any time prior to the decision of the appeal . . . ." (See 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 651, pp. 631-632.)

---

[1]Because there is no administrative procedure for challenging the actions of appellants, there is no administrative record.

Accordingly, we invited the parties to file either (1) a copy of any contracts for the 1982-1983 school year, authenticated by stipulation of the parties, or (2) a stipulation setting forth the essential terms, including the duration, of each such contract. In response, we were informed that there was no fully integrated document evidencing an employment contract between Edwards and the District for the 1982-1983 school year. The District filed a copy of the minutes of the July 21, 1982, meeting of the Governing Board. At the meeting the board adopted a motion appointing certain listed teachers to teach adult school for the 1982-1983 school year, all upon an "if and as needed" basis, effective July 1, 1982. Edwards was one of the listed teachers and she accepted the appointment by reporting to work at the commencement of the fall semester of the 1982-1983 school year. During the fall semester Edwards was assigned to work 15 hours per week which constituted 50 percent of a full-time workload. In February 1983, Edwards was assigned to teach 20 hours per week during the spring semester, an amount which represented 66.6 percent of the hours required of a teacher with a full-time assignment for the spring semester.

Even though Edwards' spring semester assignment was 66.6 percent of a full-time workload, the District did not reclassify her as a "probationary" employee and her classification remained as a temporary employee. The District asserted that Edwards could not be classified as a probationary employee because she had not worked more than 60 percent of a permanent employee's full-time assignment during the school year. In relevant part Education Code section 44887 provides as follows: "Notwithstanding any other provision to the contrary, any person who is employed to teach adults for not more than 60 percent of the hours per week considered a full-time assignment for permanent employees having comparable duties shall be classified as a temporary employee, and shall not become a probationary employee under the provisions of Section 44954." The District interpreted section 44887 as requiring it to compute Edwards' percentage of a full-time workload on the basis of the entire school year. Her workload for the entire 1982-1983 school year was computed to be 17.5 hours per week which was 58.3 percent of a full-time work load.

In their petition for writ of mandate, Edwards and the Union contended that working more than 60 percent of a full-time workload for the spring semester entitled her to be reclassified as a probationary employee with additional salary and benefits to which that classification would have entitled her. After hearing, the court agreed and found that Edwards became a probationary employee at the start of the spring 1983 semester. It then issued a peremptory writ of mandate as prayed for by Edwards and the Union.

## II. *Analysis*

The Legislature has established a comprehensive scheme for the classification of certificated individuals which includes teachers employed by school districts. (Ed. Code, § 44882 et seq.) School teachers may be classified as either substitute, temporary, probationary or permanent employees. (Ed. Code, §§ 44917, 44919, 44949, 44920 and 44882.) However, as a limitation on the provisions which specify when a teacher must be classified as a probationary teacher, Education Code section 44887 provides that an adult school teacher who works not more than 60 percent of a full-time teaching assignment shall be classified as temporary and shall not become a probationary employee.

The parties note that a nearly identical provision of the Education Code dealing with classification of community college instructors, section 87482,[2] has already been interpreted in *Rooney* v. *San Diego Community College Dist.* (1982) 129 Cal.App.3d 977 [181 Cal.Rptr. 464]. The circumstances of the *Rooney* case are similar to those before us. Rooney was employed as a community college instructor. He argued that he was entitled to be reclassified as a contract (i.e., probationary) instructor because during the spring semester of the 1972-1973 school year he taught classes in excess of 60 percent of the hours per week considered a full-time assignment. However, when computed on the basis of the entire 1972-1973 school year, Rooney's work load fell below the 60 percent of full-time level. Based on the fact that Rooney had been employed by the community college district pursuant to a yearly contract, the Court of Appeal held that the district was required to compute Rooney's classification on the basis of the entire school year and not by viewing only his spring semester assignment. (*Id.*, at pp. 981-982.)

█ In the present case, the parties disagree as to the applicability of *Rooney* to the facts before us. Edwards and the Union argue that *Rooney* is inapposite because the dispositive fact there was that Mr. Rooney had an employment contract for the entire year. Respondents contend that because Edwards was assigned to a different work load each semester we must conclude that she had a semester contract rather than a school-year contract.

---

[2]Section 87482 provides in relevant part: "Notwithstanding any other provision to the contrary, any person who is employed to teach adult or community college classes for not more than 60 percent of the hours per week considered a full-time assignment for regular employees having comparable duties shall be classified as a temporary employee, and shall not become a contract employee under the provisions of Section 87604." (In the community college classification system, certificated individuals are employed as either contract (probationary) employees, regular employees or temporary employees. (Ed. Code, § 87604.))

The District asserts that the burden of proof was on Edwards and the Union to establish Edwards had a semester employment contract. Having failed to do so, the District asserts that we should apply the school year standard applied in *Rooney* and reverse the judgment.

Based upon the supplemented record, we conclude that Edwards' employment during the 1982-1983 school year was pursuant to a school-year contract which was authorized by the Governing Board at its July 21, 1982, meeting and accepted by Edwards when she accepted her work assignment at the commencement of the 1982-1983 school year.

In light of the foregoing conclusion, the *Rooney* court's holding that Mr. Rooney's classification status should be based on an analysis of his total work load for the entire school year is equally persuasive in the situation before us. Inasmuch as Edwards' employment relationship with the District was on a school-year basis, it logically follows that the limitation provision of Education Code section 44887 should be viewed, in this case, on a school-year basis as well. We hold, therefore, that when the employment of a teacher is pursuant to a school-year contract, the teacher's classification status for purposes of section 44887 is based upon the percentage of full-time teacher work load for the full school year.

Because Edwards worked only 58.3 percent of a full-time workload when computed on the basis of the entire 1982-1983 school year, the judgment is reversed. The parties shall bear their own costs on appeal.

Anderson, P. J., concurred.

**POCHÉ, J.**—I concur in the judgment.

Education Code section 44887 does not specify the period of service a person must be employed in order to fall under its more than 60 per cent rule. Neither does the mirror statute, former Education Code section 87482 (see new Ed. Code, § 87482.5, subd. (a); added by Stats. 1985, ch. 132, § 2, p. 259), which applies the same rule in the community college context. But in *Rooney* v. *San Diego Community College Dist.* (1982) 129 Cal.App.3d 977, 981-982 [181 Cal.Rptr. 464], the Court of Appeal took a practical approach of using the employee's weekly teaching load, *calculated on the basis of the entire school year.*

As I read *Rooney* two reasons were given for choosing an entire school year as the framework for calculating whether the employee's hours met the more than 60 percent rule: (1) the employee there had a contract for and

worked an entire year; (2) a regular employee with a full time assignment works pursuant to an annual contract. (*Id.*, at pp. 981-982.) But, I do not read *Rooney* as making dispositive the fact that the employee's two semester workload was pursuant to a *single contract.* Rather all that is important is that the employee in fact worked an entire school year. As stated by the *Rooney* court: "In view of the fact that Rooney was employed by the District for the 1972-1973 school year to teach adult or community college classes for not more than 60 percent of the hours per week considered a full-time assignment for regular employees having comparable duties, he was properly classified as a temporary employee. [Citations.]" (*Rooney* v. *San Diego Community College Dist., supra,* 129 Cal.App.3d at p. 982.)

Here, it is undisputed that for the 1982-1983 school year, Edwards worked both semesters and in so doing worked less than 60 percent of the hours per week considered a full time assignment. We have no need to know whether she did so pursuant to a one year contract or pursuant to two successive one semester contracts; in either case she did not meet the more than 60 percent rule. Because in 1982-1983 Edwards taught less than 60 percent of the hours considered a full time assignment for regular employees, the trial court erred in ordering that she be reclassified as a probationary employee. My conclusion thus renders it unnecessary to take the drastic measure of taking additional evidence on appeal.

But, if, as the majority contends, it is essential under *Rooney* to know whether Edwards had an annual contract, then a remand for further factual findings would be required, for the majority's efforts to take the unusual step of taking additional evidence on appeal have been unavailing. So far as I can determine, the additional evidence does not answer the question of whether Edwards was offered or accepted an annual contract with the Berkeley Unified School District. That evidence only shows that Edwards was one of the teachers listed on the hiring list resolution enacted by the District's Governing Board. That resolution was neither an offer for an annual contract nor an annual contract.

By its terms, it was nothing more than an offer to offer employment on an "if and as needed" basis. If it was anything more than that, then I believe the answer can come only from a trier of fact, not an appellate court.

Thus, on this record, this court can know with certainty that: (1) Edwards was needed for the first semester of the school year because she worked during that time; and (2) Edwards was also needed for the second semester because she also worked then. What this court cannot tell from this record is: (1) whether Edwards had a *contract* for the entire school year; or (2)

whether either Edwards or the District knew at the beginning of the school year that her services would be needed for both semesters.

But, as I read *Rooney,* resolution of these uncertainties is unnecessary to review the judgment before us. For these reasons, I join in the judgment of reversal.