[No. B222321. Second Dist., Div. Six. July 25, 2011.]

JEFF THEILER, Plaintiff and Respondent, v.
VENTURA COUNTY COMMUNITY COLLEGE DISTRICT et al.,
Defendants and Appellants.

COUNSEL

Atkinson, Andelson, Loya, Ruud & Romo, Warren S. Kinsler; Law Offices of Walsh & Associates, Dennis J. Walsh; Lascher & Lascher, Wendy C. Lascher; Ferguson Case Orr Paterson and Wendy C. Lascher for Defendants and Appellants.

The Feldhake Law Firm, Robert J. Feldhake and Christine E. Howson for Alliance of Schools for Cooperative Insurance Programs, Rancho Santiago Community College District, Mt. San Antonio Community College District, Glendale Community College District, Cerritos Community College District, Yosemite Community College District, North Orange County Community College District, South Orange County Community College District and Rio Hondo Community College District as Amici Curiae on behalf of Defendants and Appellants.

Farmer Smith & Lane, Craig E. Farmer and Emmanuel R. Salazar for Statewide Association of Community Colleges and Schools Association for Excess Risk as Amici Curiae on behalf of Defendants and Appellants.

Wasserman, Comden, Casselman & Esensten, Mark S. Gottlieb, Gregory J. Ramirez and James E. Perero for Plaintiff and Respondent.

OPINION

**GILBERT, P. J.**—A community college district summarily terminated the employment of a basketball coach. The district claimed the coach was not entitled to due process because he was a temporary employee. During the coach's employment, Education Code section 87482.5, former subdivision (a) defined a temporary employee as one who is employed to teach classes "for not more than 60 percent of the hours per week considered a full-time assignment for regular employees having comparable duties."[1] The coach claimed he was employed to teach more than 60 percent of a full-time assignment. Thus he claimed he is a contract employee entitled to due process.

---

[1] All statutory references are to the Education Code unless otherwise stated.

The trial court granted the coach's motion for summary judgment on his petition for writ of mandate. We reverse. The duties and teaching assignment of an athletic coach are not comparable to a classroom instructor.

## FACTS

The Ventura County Community College District (District) employed Jeff Theiler as a basketball coach from 2004 to 2008. He served as Ventura College's assistant basketball coach until 2007, and then as head basketball coach at Oxnard College from 2007 until his employment was terminated November 21, 2008.

Each semester Theiler accepted a written "Offer of Temporary Non-Contract Academic Employment." The offer specified he was to teach a course in basketball for two hours a day, Monday through Friday. A two-hour scheduled class actually lasts only one hour 50 minutes. The offer also specified the percentage of hours that was equivalent to a full-time teaching assignment. None of the offers provided for greater than 0.6 of full-time equivalent (FTE). During Theiler's employment with the District, he was a member of the Ventura County Federation of Teachers (Union). The Union and the District had a collective bargaining agreement.[2]

The collective bargaining agreement recognized that a basketball coach has ancillary duties that will be performed outside the course hours specified in the contract. Pursuant to the agreement, the District compensated its coaches, including Theiler, for the performance of their ancillary duties with a stipend. The stipend was paid as a flat amount that did not depend on the number of hours actually worked.

In November 2008, the District terminated Theiler's employment. An investigation revealed that Theiler submitted false transcripts to obtain eligibility for student athletes, granted favors to nonresident athletes, and interfered with the investigation of his wrongdoing.

The District classified Theiler as a temporary employee. A temporary employee is not entitled to due process in the termination of his employment. Theiler claimed, however, that he was employed to teach classes for more than 60 percent of the hours per week considered a full-time assignment. Thus he argued he was a contract employee pursuant to section 87482.5, subdivision (a). Contract employees are entitled to due process.

---

[2] We grant the District's request for judicial notice of the full agreement.

Theiler petitioned for a writ of mandate to compel the District to reclassify him as a contract employee, rescind his employment termination, and grant him due process. Theiler moved for summary judgment or, in the alternative, summary adjudication.

### Theiler's Declaration

In support of his motion for summary judgment, Theiler declared generally:

Prior to basketball season, the class time was used for physical conditioning of the basketball players. When the season starts, class time functions as a regular team practice.

Although the class was officially scheduled for one hour 50 minutes, Theiler spent at least two to three hours per session coaching. In addition to regularly scheduled classes, he held one extra basketball practice per week for two to three hours. He also was required to supervise students in weight training and "plyometric exercise." He also spent at least 1.63 hours a week coaching basketball games. He taught athletes a minimum of 17.63 hours per week.

In addition to direct instruction of players, Theiler's coaching duties required that he attend meetings with coaching staff, plan practices, review films, engage in extensive preparation to competently instruct the class and supervise the men's basketball program, develop scouting reports on opponents, recruit high school students to play basketball, supervise work-study programs, and engage in fundraising for the basketball program.

### Parham's Declaration

In opposition to the motion, the District submitted the declaration of its vice-chancellor of human resources, Patricia Parham. Parham declared generally:

A full-time faculty member spends 15 hours per week teaching class, 15 hours per week preparing course work, five hours per week holding office hours and five hours per week in committee work. Sixty percent of 15 hours is nine hours. But physical education is considered a laboratory teaching assignment. Under the collective bargaining agreement, laboratory teaching assignments are given two-thirds the value of a lecture teaching assignment.

Basketball coaches are paid a stipend to cover the performance of ancillary duties. Duties covered by the stipend include but are not limited to: "(1) reviewing films; (2) developing scouting reports on conference opponents; (3) compiling calendars of opponents' schedules; (4) putting together

indexes to determine which games the coaches attend; (5) observing opponents; [(6)] traveling to and attending games; [(7)] recruiting high school students; [(8)] conducting fund raising activities; [(9)] attending high school games; [(10)] supervising work study students at athletic facilities; [(11)] team management; [(12)] weight training; [(13)] plyometric exercises; and [(14)] meetings with the coaching staff."

The time Theiler spent in addition to that spent in his scheduled class hours was on ancillary duties.

### Ruling

The trial court stated, "[T]ime spent coaching basketball games, practices and conditioning sessions—all performed in the presence of and in supervision of student athletes—is more akin to 'teaching' than 'ancillary activities.' " The court added the 1.63 hours per week that Theiler claimed he spent coaching basketball games to Theiler's assigned class hours. The court concluded Theiler spent more than the nine hours per week teaching necessary for 60 percent FTE. Thus Theiler qualifies as a contract employee entitled to due process.

## DISCUSSION

### I

Summary judgment is properly granted only if all papers submitted show there is no triable issue as to any material fact and the moving party is entitled to a judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) The court must draw all reasonable inferences from the evidence set forth in the papers except where such references are contradicted by other inferences or evidence that raise a triable issue of fact. (*Ibid.*) In examining the supporting and opposing papers, the moving party's affidavits or declarations are strictly construed and those of his opponent liberally construed, and doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion. (*Szadolci v. Hollywood Park Operating Co.* (1993) 14 Cal.App.4th 16, 19 [17 Cal.Rptr.2d 356].)

The moving party has the initial burden of showing that one or more elements of a cause of action cannot be established. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768 [107 Cal.Rptr.2d 617, 23 P.3d 1143].) Where the moving party has carried that burden, the burden shifts to the opposing party to show a triable issue of material fact. (*Ibid.*) Our review of the trial court's grant of the motion is de novo. (*Id.* at p. 767.)

## II

■ The Education Code authorizes community college districts to employ three categories of faculty: regular, contract and temporary. (§§ 87602, 87604.) Regular and contract employees are entitled to due process before termination. (§§ 87732 et seq., 87740; *Balasubramian v. San Diego Community College Dist.* (2000) 80 Cal.App.4th 977, 982 [95 Cal.Rptr.2d 837].)

During Theiler's employment, former section 87482.5, subdivision (a) stated: "Notwithstanding any other provision of law, any person who is employed to teach adult or community college classes for not more than 60 percent of the hours per week considered a full-time assignment for regular employees having comparable duties shall be classified as a temporary employee, and shall not become a contract employee under Section 87604."[3]

■ The overriding policy consideration is to give the District maximum flexibility in classifying teachers while preventing the exploitation of temporary instructors who carry the equivalent of a full-time teaching load. (*McGuire v. Governing Board* (1984) 161 Cal.App.3d 871, 875 [208 Cal.Rptr. 260].) The District does not contest that if Theiler's assignment exceeds 60 percent of the FTE, as a matter of law, he must be classified as a contract employee.

In *McGuire v. Governing Board, supra*, 161 Cal.App.3d 871, a community college instructor was hired to teach classes nine hours per week. Under a separate contract, he also was hired to tutor students. His time spent teaching classes was not sufficient to exceed the 60 percent requirement. He argued that his tutoring duties were comparable to his duties as an instructor. Thus he claimed he was given duties that constituted more than 60 percent of a full-time teaching assignment. In rejecting the argument, the court stated: "We conclude [section 87482.5, subdivision (a)] means what it says and the proper measure in determining whether the 60 percent limit is exceeded is the number of hours the person seeking tenure spends teaching classes compared to the number of hours per week a regular fully assigned employee spends on comparable duties. The statutory language emphasizes the teaching of classes. A reference in the statute to 'employees having comparable duties' refers back to this teaching of adult or community college classes and follows that emphasis." (*Id.* at p. 875.)

---

[3] Effective January 1, 2009, 60 percent was increased to 67 percent. (Stats. 2008, ch. 84, § 1.)

No one could reasonably deny that tutoring is a type of teaching. The *McGuire* court's point, however, was that tutoring is not comparable to teaching classes. The "number of hours the person . . . spends teaching classes" is the focus of section 87482.5. (*McGuire v. Governing Board, supra*, 161 Cal.App.3d at p. 875.) Similarly, no one could reasonably deny that some of the duties of a basketball coach involve a type of teaching. But the duties of a basketball coach are not comparable to that of the typical classroom instructor. The collective bargaining agreement recognizes this difference by providing for a stipend for a basketball coach. Full-time faculty who teach traditional classroom courses receive no such stipend.

The best we can do is compare the number of class hours per week assigned to basketball class with the 15 class hours per week assigned to a full-time instructor. Even that comparison is not exact because it does not account for the 25 additional hours per week the full-time instructor is expected to spend preparing for class, holding office hours and in student support.

Here Theiler's employment contemplated only two types of duties: teaching the class specified in the offer of temporary employment and ancillary duties. The offer of temporary employment specifies a basketball class lasting two hours, five days a week. Only the 10 hours per week spent teaching that class count in determining the FTE. Any duties in addition to that are ancillary, even if such duties could be broadly classified as teaching. Thus the 1.6 hours Theiler claims, in addition to the 10 hours per week teaching his assigned class, cannot be used in calculating the FTE.

It is undisputed that full-time faculty members are expected to teach 15 hours per week in the classroom. Sixty percent of 15 is nine hours per week. Theiler is assigned to teach a class lasting 10 hours per week. But it is undisputed that under the collective bargaining agreement, those hours are not treated as full hours in calculating the FTE.

The District's vice-chancellor, Parham, declared basketball is a physical education class, and physical education classes are treated as "laboratory teaching assignments" under the collective bargaining agreement. Such laboratory teaching assignments are treated as only two-thirds of a regular lecture hour. Theiler claims, however, his class is a "lecture-laboratory teaching assignment[]." A lecture-laboratory teaching assignment is treated as three-fourths of a regular lecture hour. Thus there is a material question of fact whether Theiler should be credited with two-thirds of the 10 class hours assigned per week or three-fourths.

The proper formula for determining the FTE is as follows: The number of class hours per week specified in the offer of temporary noncontract employment, reduced by one-third or one-quarter, depending on whether the class is a laboratory teaching assignment or a lecture-laboratory teaching assignment.

■ It may not be necessary however to determine whether Theiler's course qualifies as a "laboratory" or a "lecture-laboratory" teaching assignment. That is because even using the three-fourths advocated by Theiler, the 10 hours of class per week assigned to Theiler amounts to only 7.5 hours per week. That is far short of the nine hours per week required for 60 percent of the FTE.

Theiler's reliance on *Stryker v. Antelope Valley Community College Dist.* (2002) 100 Cal.App.4th 324 [122 Cal.Rptr.2d 489], is misplaced. There the district hired Stryker to teach six classroom units of sociology. The district considered six units less than 60 percent FTE. In addition, the district employed Stryker to supervise students in work experience classes, for which the teachers were paid a stipend. As "a matter of practice," the district did not consider a teacher's work experience assignments in calculating the FTE. (*Id.* at p. 327.) Stryker argued the work experience assignment should be considered in calculating the FTE. The district argued that even if Stryker exceeded 60 percent of the FTE, section 87482.5 does not mean she is reclassified as a contract employee as a matter of law. The court held that exceeding 60 percent of the FTE classified a teacher as a contract employee as a matter of law. (100 Cal.App.4th at pp. 329–338.) The court remanded the matter to determine whether Stryker worked more than 60 percent of the FTE. The court stated it could not decide the question on appeal because the "record is devoid of evidence regarding the work experience assignments given to full-time teachers." (*Id.* at p. 338.)

■ Here the District does not contest that as a matter of law a teaching assignment that exceeds 60 percent of the FTE requires reclassification as a contract employee. In addition, *Stryker* only required the trial court to compare the same type of duties, that is, work experience assignments given to full-time teachers with work experience assignments given to Stryker. Here Theiler asks the court to compare the duties of a classroom teacher with the quite different duties of a basketball coach. Finally, in *Stryker*, the district did not consider work experience assignments in calculating 60 percent of FTE as a matter of its own practice. Here the District does not consider ancillary duties in calculating the FTE as provided in the collective bargaining agreement.

The judgment is reversed and remanded for further proceedings consistent with this opinion. Costs on appeal are awarded to appellants.

Coffee, J., and Perren, J., concurred.

On August 24, 2011, the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied November 16, 2011, S196449.